IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAVIER GOMEZ, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | No. 3:14-CV-2934-P |
| | § | |
| MI COCINA LTD, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

The Court has under consideration Plaintiffs' First Amended Expedited Motion for Conditional Certification, Notice to Potential Plaintiffs, and Limited Expedited Discovery (doc. 109) and Defendants' Motion to Strike Plaintiffs' Reply Appendix (doc. 121). Both motions are ripe for ruling. After reviewing the briefing and applicable law, the Court grants in part and denies in part the motion for conditional certification, concludes that notice should be sent to potential plaintiffs, approves limited expedited discovery, and finds the motion to strike moot.

### I. BACKGROUND

On behalf of themselves and all similarly situated employees, Plaintiffs originally filed this action on August 15, 2014, alleging violations of the Fair Labor Standards Act ("FLSA") through Defendants' payment practices. (*See* Doc. 2.) In early September, they filed an amended complaint and their first motion to certify class. (*See* Docs. 8-9.) They thereafter filed a Second Amended Complaint. (*See* Doc. 61.) The five named plaintiffs reside in Dallas, Texas. (*See id.* ¶¶ 1-5.) Each of them is a tipped waiter earning $2.13 per hour plus tips at a Mi Cocina restaurant in Dallas. (*See id.* ¶¶ 13-15.) Their "primary job duties were those of a non-exempt employee under the FLSA." (*See id.* ¶ 16.) They name as defendants: (1) Mi Cocina Ltd., doing business as Mi Cocina, Taco Fanatico,

and M Crowd Restaurant Group; (2) M Crowd GP, LLC; and (3) M Crowd Restaurant Group, Inc., doing business as Mi Cocina, Taco Diner, and The Mercury.[1]  (*See id.* ¶¶ 6-8.)  Plaintiffs allege that each of the defendants is an "employer" to them and "other potential plaintiffs within the meaning of 29 U.S.C. § 203(d) and are individually or collectively an 'enterprise' within the meaning of 29 U.S.C. § 203(r)."  (*See id.* ¶ 12.)

Plaintiffs claim that Defendants (1) did not pay them for all hours worked; (2) did not pay them overtime pay for hours worked in excess of forty hours per week; (3) required them to work during their breaks; (4) required them and other tipped employees to work off the clock or for $2.13 per hour "to do deep cleaning outside of their normal responsibilities;" (4) deducted cash from earned tips to cover non-paying customers, broken items, or register shortages; (5) required "waiters/waitresses, bus [staff], hostesses, and bartenders to participate in a tip pool;"[2] (6) withheld a percentage of credit card tips to cover transaction costs charged by credit card companies; (7) required waitresses and waiters to contribute 3% of their tips to a tip pool that was distributed to bartenders, bus staff, and hostesses; (8) required a portion of tips to be paid to management and other ineligible employees; and (9) failed to inform them that Defendants intended to take a "tip credit."  (*See id.* ¶¶ 15-23.)  Plaintiffs allege that these violations occurred at multiple locations, not just one of Defendants' restaurant.  (*See id.* ¶ 24.)  They contend that Defendants are liable

> for all unpaid hours worked ("straight time"), break time, and overtime compensation, time worked off the clock, time for work performed outside of their job duties where they were compensated less than those who normally perform those job functions, and a refund of the tip credit under the FLSA for failing to explain the "tip credit" to their

---

[1] In their motion for conditional certification, Plaintiffs collectively refer to the defendants and their restaurants as "M Crowd."  (*See* Doc. 109 at 2.)  For purposes of consistency, the Court will do the same at times.

[2] Defendants use the term "buspersons" instead of "bus boys" because they employ both males and females as bus staff.  (See Doc. 113 at 1 n.1.)  For ease of reference, the Court will simply use bus staff.

employees and for distributing part of the money from the tip pool to ineligible employees.

(*See id.* ¶ 25.)

Plaintiffs bring this collective action "on their behalf and on behalf of the other waiters/waitresses, bartenders, [bus staff], hostesses and/or those performing the same or similar job duties to Plaintiffs for Defendants at any time from August 15, 2011, to the present." (*See id.* ¶ 9.) They allege Defendants had a

> policy and/or practice not to pay Plaintiffs for all their hours worked, not to pay Plaintiffs for hours worked in excess of forty (40) hours per week, not to pay Plaintiffs for their breaks, not to pay Plaintiffs for work performed off the clock, to have Plaintiffs perform job duties outside their responsibilities for at least two hours after or during every shift for which they are not properly compensated, not to inform Plaintiffs of the tip credit, and to have Plaintiffs participate in a tip pool benefiting [sic] the management of Defendants and other ineligible employees.

(*See id.* ¶ 30.)

On December 8, 2014, the Court granted Plaintiffs leave to amend their motion for conditional certification. (*See* Doc. 107.) Plaintiffs filed their amended motion on December 12, 2014. (*See* Doc. 109.) Defendants have responded (*see* Doc. 113) and Plaintiffs have filed a reply brief with an appendix (*see* Docs. 118-19). The reply appendix prompted Defendants' motion to strike (*see* Doc. 121) to which Plaintiffs have responded (*see* Doc. 122). The time for Defendants to file a reply in support of the motion to strike has now passed.

## II. OBJECTIONS TO SUBMITTED DECLARATIONS

Defendants object to any reliance on evidence not presented with Plaintiffs' motion. (*See* Doc. 113 at 2 n.2.) Although Plaintiffs have failed to comply with N.D. Tex. L.R. 7.1(i), which requires a self-contained appendix when a party relies on materials to support a motion, the Court has discretion to waive strict compliance with a local rule. *Stevo v. Frasor*, 662 F.3d 880, 887 (7th Cir. 2011); *Bush*

3

*v. District of Columbia*, 595 F.3d 384, 387 (D.C. Cir. 2010). The Court, moreover, may take judicial notice of documents in the court record. *See SEC v. First Fin. Group of Tex.*, 645 F.2d 429, 433 n.6 (5th Cir. 1981); *Crook v. Galaviz*, No. EP-14-CV-193-KC, 2015 WL 502305, at *5 n.7 (W.D. Tex. Feb. 5, 2015). In this instance, the Court waives strict compliance with Rule 7.1(i) and considers the declarations filed in this case. But Plaintiffs are admonished to follow the local rules. The Court may not overlook a future noncompliance.

Defendants also object that Plaintiffs' evidence is unreliable because the submitted declarations are written in English even though some named and purported plaintiffs are not fluent in that language. (*See* Doc. 113 at 21-22.) But Plaintiffs are not required to "present evidence in a form admissible at trial during the notice stage."[3] *Lee v. Metrocare Servs.*, 980 F. Supp. 2d 754, 761 (N.D. Tex. 2013). The Court need not strike or disregard "declarations merely because Plaintiffs did not provide affidavits in Spanish with a certified translation into English." *Huaman v. Ojos Locos Sports Cantina LLC*, No. 3:13-CV-4938-B, 2014 WL 4081554, at * 5 (N.D. Tex. Aug. 19, 2014) (quoting *Vargas v. HEB Grocery Co.*, No. SA-12-CV-116-XR, 2012 WL 409896, at *2 (W.D. Tex. Sept. 17, 2012)). Declarations submitted at the notice stage "must be based on personal knowledge. *Lee*, 980 F. Supp. 2d at 762. The declarations submitted in this case satisfy that requirement.

For all of these reasons, the Court will consider the declarations submitted in this case.

### III. MOTION FOR CONDITIONAL CERTIFICATION

Plaintiffs seek to conditionally certify and "seek court-authorized notice to be sent to persons who were employed in the jobs of waiters/waitresses, bartenders, [bus staff], hostesses, and other tipped employees at M Crowd at any time from August 15, 2011, to the present." (Doc. 109 at 14.)

---

[3]The Court discusses the notice stage more fully in the next section.

And they request that putative class members be given seventy-five days from the mailing of the notices for the recipients to "opt-in" to this action. (*Id.*) In addition, they seek expedited discovery as to the identity of potential plaintiffs. (*Id.* at 14-15.) In their supplemental declarations, they each state: "I, as well as the other named Plaintiffs in this case, are employed as service staff employees. Service staff employees are composed of waiters/waitresses, busboys, bartenders, and hostesses. Together, we are all tipped employees and we participate in a tip pool mandated by M Crowd's policy." (*See* Docs. 49-53.)

Defendants oppose conditional certification because of Plaintiffs' multi-faceted claims that purportedly result in both overtime and minimum wage violations involving five specific categories of jobs that have different pay scales at three restaurant brands at dozens of locations nationwide. (*See* Doc. 113 at 1-2.) They contend that Plaintiffs' "grievances stem from alleged manager-centric decisions and actions that may have had only individualized or localized effects." (*Id.* at 2.) They further contend that they have rebutted Plaintiffs' declarations with contrary testimony. (*Id.* at 3-4.)

## A. **Conditional Class Certification under the FLSA**

An employee may bring an action for overtime wages under the FLSA on "behalf of himself or themselves and other employees similarly situated," but "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party." 29 U.S.C. § 216(b). These collective or representative actions utilize "an 'opt-in' rather than an 'opt-out' procedure." *Clark v. City of Fort Worth*, 800 F. Supp. 2d 776, 778 (N.D. Tex. 2011). And "courts have the discretion, in an appropriate case, to implement the collective action procedure by facilitating notice to potential plaintiffs, but notice is by no means mandatory." *Id.* (citing *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989) (addressing § 216(b) as incorporated in by 29 U.S.C. § 626(b))). As required by

§ 216(b), courts should only conditionally certify a class and order notice when the potential plaintiffs are similarly situated with the named plaintiffs. *Id.* (citing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995), *overruled on other grounds by Desert Palace v. Costa*, 539 U.S. 90 (2003)). "Collective treatment, like the type Plaintiffs are seeking in this motion, promotes judicial efficiency when there is a nexus between named plaintiffs and potential class members in the law and the facts." *Marshall v. Eyemasters of Tex., Ltd.*, 272 F.R.D. 447, 449 (N.D. Tex. 2011).

In FLSA cases, the prevailing analysis is a two-step approach used in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987). *See, e.g., Lee v. Metrocare Servs.*, 980 F. Supp. 2d 754, 758 (N.D. Tex. 2013); *Clark*, 800 F. Supp. 2d at 779; *Songer v. Dillon Res., Inc.*, 569 F. Supp. 2d 703, 705-06 (N.D. Tex. 2008). The courts first inquire as to whether the plaintiffs have provided sufficient evidence that similarly situated plaintiffs exist. *Lee*, 980 F. Supp. 2d at 759. At this stage, the courts ordinarily possess "minimal evidence" and apply a lenient standard to determine whether to conditionally certify the putative class. *Id.* That determination "is usually based only on the parties' pleadings and affidavits." *Id.* Courts consider whether the plaintiffs have (1) identified other potential plaintiffs, (2) submitted affidavits of potential plaintiffs, and (3) submitted evidence of a widespread plan. *Songer*, 569 F. Supp. 2d at 707. Plaintiffs must provide "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Jones v. SuperMedia Inc.*, 281 F.R.D. 282, 287 (N.D. Tex. 2012) (quoting *Mooney*, 54 F.3d at 1214 n.8). Although conditional certification generally results from this notice stage, the plaintiffs still must satisfy their burden. *Songer*, 569 F. Supp. 2d at 707. The courts may deny conditional certification when "the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice." *Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007) (quoting *Donohue v.*

6

*Francis Servs., Inc.*, No. 041-170, 2004 WL 1161366, at *1 (E.D. La. May 24, 2004)).

In the second stage of the analysis, i.e., "the certification stage, the court determines whether the class should be maintained through trial." *Lee*, 980 F. Supp. 2d at 759. Defendants typically commence this stage by moving to decertify the class after notice is given to putative class members, they have had time to opt-in, and discovery is mostly complete. *Id.* The courts decertify the class when "discovery fails to adequately identify a pool of claimants that are similarly situated." *Id.* (citation and internal quotation marks omitted).

Currently, the Court is merely concerned with whether Plaintiffs have provided sufficient evidence of the existence of similarly situated plaintiffs. Having reviewed the briefing and submitted affidavits, the Court finds that Plaintiffs have unquestionably identified eleven other potential plaintiffs and have submitted affidavits from them. (*See* Docs. 33-39, 87-89, 98-99 (declarations and supplemental declarations from the potential plaintiffs).) The Court has also received notices of consent to opt-in from forty-six putative plaintiffs, including the eleven who have submitted declarations.[4] (*See* Docs. 15-16, 20-32, 42-43, 45-46, 65-69, 72-84, 92-97, 100, 117, 120.)

For purposes of the motion for conditional certification, the dispute in this case essentially centers around the evidence of a widespread plan that encompasses Plaintiffs and the putative plaintiffs. But the submitted affidavits carry Plaintiffs' minimal burden to obtain such certification. While the affidavits generally discuss the policies for Mi Cocina restaurants, two of them discuss the same policies in place at Taco Diner. (*See* Docs. 98-99.) And Fernando Cervantes avers that he has helped "open multiple Mi Cocinas all over the country such as in Atlanta, as well as train new hire employees about what is expected of them." (Doc. 36 ¶ 2.) Additionally, he identifies policies of Mi

---

[4] In addition, the Court has received notice of consents to become a party plaintiff from each of the five named Plaintiffs. (*See* Docs. 10-14.)

Cocina and M Crowd. (*See*, *generally*, *id.*) Plaintiffs have provided substantial allegations that they and the putative class members were victims of a single decision, policy, or plan. Through the submitted affidavits Plaintiffs have shown that this action arises from more than their purely personal circumstances. And "the Court may draw an inference at this stage of the case that [service staff] who performed job duties similar to those of the Plaintiffs were located in" other restaurants of Defendants. *Oliver v. Aegis Commc'ns Grp., Inc.*, No. 3:08-CV-828-K, 2008 WL 7483891, at *4 (N.D. Tex. Oct. 30, 2008).

Defendants identify a number of cases that have denied conditional certification. But the facts of those cases differ from the circumstances here. And while Defendants also present evidence to rebut the Plaintiffs' evidence, this is not the time to make credibility determinations or to engage in a swearing match. Contrary declarations submitted by a defendant "are not dispositive." *Huaman v. Ojos Locos Sports Cantina LLC*, No. 3:13-CV-4938-B, 2014 WL 4081554, at * 5 (N.D. Tex. Aug. 19, 2014). At the first stage of the *Lusardi* approach, the Court need not find that a numerosity requirement has been satisfied; but it "must be satisfied that other 'similarly situated' employees desire to opt in." *Id.* (quoting *Lee*, 980 F. Supp. 2d at 768). The threshold for obtaining conditional certification is minimal because the case remains in its early stages with limited discovery. Most of the concerns voiced by Defendants go to the underlying merits of this action. But such concerns "are inappropriate at this time because the Court does not decide the merits at the notice stage." *Lee*, 980 F. Supp. 2d at 767. Some concerns, furthermore, are better addressed in the context of decertifying the conditional class at a later time if the concerns persist as discovery progresses.

And for the concerns relevant to the issue at hand, the Court finds them insufficient to deny conditional certification. For instance, the fact that this action involves different job titles does not

dictate denial of the motion for conditional certification. All the jobs are "tipped positions" and as described in the supplemental declarations, the named and prospective plaintiffs were all employed as "service staff" performing similar work. Defendants stress that the pay structures differ for the various positions, but it appears that they all begin with a base wage per hour supplemented by tips – either earned or through the tip-reallocation process. In their pleadings, furthermore, the parties agree that Plaintiffs are non-exempt employees under the FLSA. (*See* Docs. 61, 86.) Despite Defendants' concerns Plaintiffs have carried their lenient burden for conditional class certification. They have shown that prospective plaintiffs are "'similarly situated' with respect to their job requirements and . . . pay provisions." *Lee*, 980 F. Supp. 2d at 765. "The positions need not be identical, but similar." *Ryan*, 497 F. Supp. 2d at 825 (quoting *Barnett v. Countrywide Credit Indus., Inc.*, No. 3:01-CV-1182-M, 2002 WL 1023161, at *1 (N.D. Tex. May 21, 2002)).

For all of these reasons, the Court grants the motion and conditionally certifies the class.

**B. Scope of Conditional Class**

Plaintiffs ask the Court to conditionally certify a class that encompasses all "service staff" or "all tipped employees" from various restaurants operated by Defendants. Based on the declarations submitted in this case, the Court has conditionally determined the named Plaintiffs to be representative of the waiters and waitresses (including cocktail servers), hostesses, bus staff, and bartenders who were employed at Defendants' restaurants between August 15, 2011, and the present. To the extent Plaintiffs seek to include other job positions, they have not shown that the class should extend to any such other positions. *See Ryan*, 497 F. Supp. 2d at 825 (limiting scope of class after granting conditional certification). Plaintiffs, furthermore, appear agreeable to that limitation. (*See* Reply at 20.)

Defendants also contend that a non-party to this action, Mi Cocina, LLC, owns and operates

the three Mi Cocina restaurants located outside of Texas. (*See* Doc. 113 at 4-5.) They further contend that "The Mercury is owned by Mercury Grill, Ltd., which is not a party to this action" and that "Plaintiffs have made no allegations and provide no specific evidence regarding any employee of The Mercury." (*See id.* at 5.) Relatedly, they argue that Plaintiffs cannot represent employees of these non-parties. (*See id.* at 25.) Plaintiffs maintain that they are proper representatives for all putative plaintiffs because Defendants have conceded that M Crowd Restaurant Group is an enterprise and because there is overlap in management between all the restaurants. (Reply at 20-21.)

The Court finds no need to resolve the issue in the current context. At the notice stage, the declaration of Fernando Cervantes provides enough information to show a nexus between employees of Mi Cocina restaurants located outside of Texas and the named Plaintiffs. (*See* Doc. 36.) And that declaration also indicates that Mr. Cervantes was employed by M Crowd Restaurant Group, Inc. and that its website indicates that it operates The Mercury, as well as Mi Cocina and Taco Diner. (*See id.*) The scope of the conditional class includes employees of The Mercury and the out-of-state Mi Cocina restaurants.

C. **Specific Objections to Notice**

Defendants assert various objections to the proposed notice. (*See* Doc. 113 at 40-42.) They suggest that if the Court authorizes notices that it direct the parties to confer and jointly arrive at neutral and mutually agreeable language. (*Id.* at 40.) Although Plaintiffs contend that Defendants objections are meritless, they do not object to the suggested procedure. (Reply at 20). The Court has discretion to proceed as Defendants suggest. *See Ryan*, 497 F. Supp. 2d at 826 (following similar suggestion of the plaintiffs). Accordingly, the Court hereby orders counsel for the parties to confer with each other in good faith to resolve their differences regarding the notice. On or before March 18, 2015, Plaintiffs

shall either (1) submit a jointly proposed class notice for the Court's consideration or (2) file a motion for approval of an opposed notice. If Plaintiffs file the latter motion, any response shall be due on or before March 23, 2015, and any reply will be due on or before March 26, 2015.

**D. Limited Discovery**

To facilitate the notice to be sent to prospective plaintiffs, Plaintiffs seek an order compelling Defendants to respond to four interrogatories attached to their motion. (Doc. 109 at 14.) Defendants do not object to submitting responses and objections within ten days. (*See* Doc. 113. at 42-43.) They also "expressly reserve all objections to form and substance of Plaintiffs' interrogatories." (*See id.* at 43.) But they only state an objection to providing contact information and social security numbers for all "tipped employees." (*See id.*)

The interrogatories appear reasonable. On the other hand, Defendants' attempt to reserve objections rather than stating them in response to the motion appears unreasonable and merely serves as additional delay in this action. Nevertheless, the Court sustains the objection to providing information about employees employed in positions other than the specific ones at issue in this case – waiter, waitress, cocktail server, bartender, and bus staff. But if Defendants withhold identifying information on grounds that the employee's tipped position is not at issue in this case, they shall identify the position title of such position. With that modification to Interrogatory 1, Defendants shall fully answer the interrogatories on or before March 18, 2015. Because Interrogatory 1 asks for private, personal identifying information the Court hereby enters a limited protective order pursuant to Fed. R. Civ. P. 26(c) to protect the confidential information from unwarranted disclosure. The social security numbers provided in answer to Interrogatory 1 shall be for the attorneys' eyes only and shall be used only for purposes of this litigation. The attorneys shall disclose the provided social security numbers

11

only to the extent necessary to ascertain the whereabouts and identity of the person with the assigned number.

## IV.  MOTION TO STRIKE

Through their motion to strike, Defendants ask the Court to strike the appendix Plaintiffs filed with their reply brief.  (*See* Doc. 121.)  Because the Court has not utilized the evidence presented in the appendix, it finds the motion to strike moot.  *See Marshall v. Eyemasters of Tex., Ltd.*, 272 F.R.D. 447, 450 (N.D. Tex. 2011).

## V.  CONCLUSION

For the reasons stated herein, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' First Amended Expedited Motion for Conditional Certification, Notice to Potential Plaintiffs, and Limited Expedited Discovery (doc. 109).  After reviewing the briefing and applicable law, the Court conditionally certifies this case as a class action, orders the parties to confer for the purposes of submitting a jointly proposed notice to putative plaintiffs, and approves the limited expedited discovery as set out herein.  In addition, the Court **FINDS MOOT** Defendants' Motion to Strike Plaintiffs' Reply Appendix (doc. 121).

**IT IS SO ORDERED this 4th  day of March, 2015.**

*[signature: Jorge A. Solis]*
**JORGE A. SOLIS**
**UNITED STATES DISTRICT JUDGE**

12