IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAVIER GOMEZ, ALFREDO HUERTA, | § | |
| DANIEL BOBADILLA, | § | |
| URIEL RODRIGUEZ, DANIEL MERINO, | § | |
| | § | |
| individually and on behalf of other | § | |
| similarly situated employees and former | § | |
| employees of Defendants, | § | |
| Plaintiff(s), | § | |
| | § | |
| vs. | §CIVIL | ACTION NO: 3:14-cv-2934 P |
| | § | |
| | § | |
| MI COCINA LTD, all individually and | § | |
| d/b/a MI COCINA, TACO FANATICO, | § | |
| and M CROWD RESTAURANT GROUP, | § | |
| M CROWD GP, LLC, and | § | |
| M CROWD RESTAURANT GROUP, | § | |
| INC., d/b/a MI COCINA, TACO DINER, | | |
| THE MERCURY, MI COCINA LLC, and The | | |
| MERCURY GRILL, LTD | | |

Defendants.
_____

**PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE'S ORDER DENYING
PLAINTIFFS' EMERGENCY MOTION TO WITHDRAW OR AMEND DEEMED
ADMISSIONS TO DEFENDANTS' REQUEST FOR ADMISSIONS AND EXTENSION OF
TIME TO RESPOND TO DISCOVERY**
_____

Plaintiffs, Javier Gomez ("Gomez"), Alfredo Huerta ("Huerta"), Daniel Bobadilla ("Bobadilla"), Uriel Rodriguez ("Rodriguez"), and Daniel Merino ("Merino"), all individually and on behalf of other similarly situated employees and former employees of Defendants (hereinafter "Plaintiffs"), file this *Objection to Magistrate Judge's Order Denying Plaintiffs' Emergency Motion to Withdraw or Amend Deemed Admission to Defendants' Request for Admissions and Extension of Time to Respond to Discovery* and moves this Court for an order  to withdraw or amend the deemed admissions for Michelle Thomas, Omar Loya, Marcos Aguinaga, Michael Stern, Elizabeth Romero, Anayeli Sanchez, Javier Valenciano, Elda Alcaron, Jennifer Blake, Victor Guerrero, Orlando De Jesus Delgado Ramos, Luis Dominguez, Elydrissi Abderrahmane, Brenda Escobedo, Esmeralda

Hernandez, Hugo Irineo, Nathan Kleeb, Alexander Knitch, Heidi Knox, Miguel Angel Laguna, Genaro Lopez Diaz, Christy Neal, Andrew Allen Novy, Erika Aguilera, Marbella Aguirre, Maria Alcavaz, Kevin Barron, Silvia Bonilla Romero, Rosario Cruz, Ezinwanne Nwaohia, Noel Urieta, Jessica Vera, Paciano Vidales, Javier Aguilar.  Plaintiffs object to Magistrate Judge Ramirez's ruling denying Plaintiffs Emergency Motion to Withdraw or Amend Deemed Admissions, and would show the following.

## I. SUMMARY OF OBJECTION

While Plaintiffs respect Judge Ramirez, Plaintiffs wholly disagree with her order denying Plaintiffs' Emergency Motion to Withdraw and/or Amend Deemed Admissions.  Based on case precedent, Judge Ramirez's ruling was erroneous, contrary to law, and represents an abuse of discretion.  Specifically, Judge Ramirez, failed to cite applicable case law in support of her denial, failed to consider extenuating circumstances resulting in the admissions being "deemed", and misapplied the two prong test that governs Rule 36 (b) which Plaintiffs believed they established. Judge Ramirez redirected Defendants burden in this case to Plaintiffs. Based on the record, Plaintiffs believe that Judge Ramirez placed the burden solely on Plaintiffs to establish the two part test required for withdrawal, rather than apportion the burden to each party as required by the rule. Rather, Judge Ramirez simply chose to deny Plaintiffs motion to withdraw the deemed admissions, premised primarily on what she deemed to be the "fault" of the Plaintiffs, and failed to address all of Plaintiffs request in their motion, including an extension on discovery for 10 opt-in Plaintiff that had not been located to date, pending a ruling on Defendants Motion for Partial Summary Judgment.

Plaintiffs provided the Court with a reasonable basis upon which to withdraw the deemed admissions and the Defendants provided the Court with no reasonable basis for how they would be prejudiced if the admissions were withdrawn.   It is undisputed that there was still at least four months left in the discovery period at the time Plaintiffs advised Defendants they sought to withdraw. With all due respect, Plaintiffs believe that Magistrate Judge Ramirez abused her discretion in applying the facts in this case, improperly applied the wrong legal standard in making her ruling, and her finding were contrary to law in light of the two prong test required.

## II. BACKGROUND

On November 5, 2015, Judge Irma Ramirez granted Defendants' request to Modify Discovery Limitations and For Leave to Serve Additional Interrogatories, Admissions, and Take Depositions.  Dkt. 336.  Based on Court order, Defendants were granted the opportunity to propound discovery on 20% of the current opt-in class, and conduct depositions for 7% of same, an amount larger than any court has awarded in the Fifth Circuit for a class this size.[1]  Defendants have served 70 sets of discovery to date, and have been granted the Defendants 24 depositions.  Dkt. 336.

After the Court granted Defendants' request to increase the opt-in discovery size, Defendants served uniform discovery on 62 additional opt-in Plaintiffs about twenty days apart, each due within 30 days.   On November 13, 2015, Defendants served six uniform admissions and request for interrogatories on four opt-in Plaintiffs with responsive answers due by December 23, 2015, after extension.   One answer was served untimely for a Plaintiff, Michelle Thomas.    Fortunately, Plaintiffs were able to locate Thomas and served her Responses to Defendants' Request for Admissions on March 4, 2016.   Calendar review demonstrates that Ms. Thomas answers were exactly two months, and 10 days late.  The admissions were deemed admitted against Plaintiff.  See Dkt. No. 448 (copy of Thomas's responses attached under ***Exhibit B-B5 (Deemed Admissions); Exhibit C (chart of deemed admissions).***

On December 01, 2015, Defendants served their second set of uniform admissions and interrogatories to 10 more opt-in Plaintiffs, due by January 14, 2016, by extension.   Plaintiffs' counsel were unable to reach some of the opt-in Plaintiffs timely. Five Plaintiffs provided untimely responses, two of which were served within 7 days of the original de date, on January 20 and January 21, 2016.[2]   The 2 other discovery responses for Elizabeth Romero and Michael Stern were subsequently served on March 4, 2016 and March 24, 2016.   Accordingly, Elizabeth Romero was 1 month and 19 days late, while Mr. Stern was 2 months, and 10 days late in response to the admissions. Per the declaration provided under Exhibit A to Plaintiffs Motion to Withdraw, Michael Stern explained that he had been was unavailable for response because his father had been in hospital and rehab for several months. Dkt. 448 (***Exhibit A., ¶ 7).***   Michael Stern also had a phone number

---

[1]

[2] Of the 10 discovery requests served by Defendants, 3 Plaintiffs provided timely responses (Jason Rivera, Braden Stanert, and Isidoro Martinez).  Dkt. 448, ***Exhibit A***.  5 Plaintiffs did not provide timely responses and Plaintiffs' counsel were unable to reach two of the Plaintiffs.  *Id*. Of the 5 that were untimely, two responses for Plaintiffs Omar Loya and Marcos Aguinaga were served within 7 days of the original deadline, January 20 and January 21, 2016.  *See* Dkt. 448, Exhibit C

and email change, but Plaintiffs' counsel was able to obtain Stern's contact information from another Plaintiff named Darryl Britt who use to work at the same location as Stern. *Id*. Unfortunately, based on the untimely response, the admissions were deemed admitted against Plaintiffs. Javier Aguilar's untimely response was an inadvertent error by Plaintiff's counsel, and was serve. *Id*.

On December 21, 2015, Defendants served their third set of uniform admissions and interrogatories to 6 opt-in Plaintiffs with responsive answers due by January 20, 2016. Plaintiffs' counsel inadvertently mis-calendared the due date and sent 5 responsive answers <u>one day late, on January 21, 2016</u>. A request for extension was denied by Defendants. Dkt. 448, *Exhibit A.* Thus, 5 answers were untimely and 1 opt-in was unreached. Those admissions deemed admitted against Plaintiffs. Dkt. 448 *Exhibit A; Exhibit B-B5; Exhibit C.*

On January 12, 2016, Defendants sent out their fourth set of uniform request for interrogatories and admissions to 24 opt-in Plaintiffs with responsive answers due by February 11, 2016. Again, Plaintiffs' counsel mis-calendared the due date by one day and **sent 10 responsive <u>answers on February 12, 2016, one day after the deadline.</u>** Eight additional discovery responses were served at a later date, most of which were served within two weeks of the original due date. Unfortunately, Plaintiffs, such as Andrew Novy explained could not be reached due to wrapping up issues after the passing of his wife, while other Plaintiffs such as Orlando Delgado Ramos had phone number changes and could not be reached. *Id*. Plaintiffs' counsel specifically advised Judge Ramirez of this fact through declaration. Dkt. 448 (**Exhibit A, ¶** 9). Regardless, 18 answers were untimely and Plaintiffs' counsel were unable to reach six. Unfortunately, the admissions were deemed admitted against Plaintiffs. Dkt.448 (*see Exhibit A, B, and C*). Given the volume of discovery and timeline due, Plaintiffs requested an extension from Defendants, but that extension request was ignored by Defendants; thereby, denied. Dkt. 448 (*Exhibit A*, ¶ 9).

On January 29, 2016, Defendants served their fifth set of uniform request for interrogatories and admissions on 24 opt-in Plaintiffs, which were due on Sunday, February 28, 2016, making the due date Monday, February 29, 2016, per the federal rules. See FED. R. CIV. P. 6. Defendants subsequently withdrew 6 of the 24 sets. Of the 18 remaining requests, 13 were answered timely, 4 were untimely, and 1 was unreached. The 5 that were answered untimely, **were answered <u>one day after the deadline</u>**, on March 1, 2016. Nonetheless, those admissions were deemed admitted against Plaintiffs. Dkt. No. 448, *Exhibit A, B, and C.*

4

On January 25, 2016, 30 days before the discovery deadline, and without seeking any additional depositions, Defendants demanded to know whether Plaintiffs intended to withdraw their deemed admissions.  Dkt. 448; *Exhibit A.* Defendants subsequently served 46 discovery requests that were still pending response after the letter. Clearly, Plaintiffs could not determine whether or not the admissions for the individuals served would be timely or late since they were still pending response. From the letter it is very clear that the basis for the letter was prompted by the fact that the discovery period was about to end in 30 days, on March 01, 2016. Defense counsel specifically stated, "[g]iven the limited amount of discovery available to Defendants from the Opt-In Plaintiffs who have joined the lawsuit *and the short period of time remaining for obtaining discovery,* it is essential that Defendants have a fair opportunity to take appropriate action to protect themselves from the prejudice resulting from the lengthy delay in responding and untimely answers."

On April 13, 2016, Plaintiffs notified Defendants within two weeks, (13 business days to be exact) of Defendants serving their last set of discovery that they would seek a withdrawal of deemed admissions and moved to withdraw or amend the admissions within three weeks of the 70th discovery request being propounded on Plaintiffs.  Dkt.  Moreover, this was exactly two months and 15 days after the sent their letter.  Regardless of Plaintiffs' response time to the letter "timely", Judge Solis subsequently extended the discovery deadline by an additional five months per Defendants' request, to appease Defendants' concerns, making Defendants' concerns moot.   Dkt. 422. Specifically, on March 16, 2016, the Court extended the discovery deadline to August 1, 2016 and extended the deadline for decertification to September 19, 2016. Dkt. No.422.   On March 24 and 25, 2016, Defendants served their sixth and final set of discovery requests to three additional opt-in Plaintiffs. Dkt. 448, *Exhibit A.* As such, Defendants had 5 months to conduct discovery.

At the time of this motion, there were two pending motions before the Court, including Defendants' Motion for Summary Judgment As to Time-Bared Claims of Opt-In Plaintiffs and Brief in Support.   Dkt. 346.  The motion was originally filed on December 4, 2016, prior to service of discovery, and *does not rely* on any deemed admissions made the basis of this motion. Also pending is Plaintiffs' Motion for Leave to File Late Consent forms for Emily Ford, Gregario Dominguez, Isidoro Hernandez, and Jose Yepez. Dkt. 429.  Again, the Plaintiffs' motion for leave to file the late consent forms *does not rely* on the discovery at issue under this motion to withdraw or amend deemed admissions.

On April 18, 2016, Plaintiffs filed their motion to withdraw the deemed admissions and extension of time to serve discovery.   Dkt No. 436, 440,     The basis for Plaintiffs' Motion to Withdraw or Amend Deemed Admissions numbers 1-6 was to allow the case to be determined on the ***essential elements and merits of the case***, rather than a technical deficiency. FED. R. CIV. P. 36(b). Additionally, Plaintiffs requested withdrawal or extension of time to respond to 10 discovery requests because currently pending before this Court is Defendants' Motion for Partial Summary Judgment to Dismiss 50 opt-in Plaintiffs.  If the Court were to rule in Defendants' favor, 50 opt-in Plaintiffs would be dismissed from the class bringing the current class size to 304.  If the class size is reduced by 50 Plaintiffs, Defendants would only be entitled to discovery from 60 opt-in Plaintiffs, rather than 70, and they would be entitled to depositions of 21 Plaintiffs, not 24.

On April 20, 2016, the motion was referred to the Magistrate Judge Ramirez.  Dkt. No. 443. On the same date, Judge Ramirez ordered a face-to-face conference.  Dkt. No. 444.  On May 28, 2016, the Parties filed a joint submission on the issue.  Dkt. No. 448.   On May 12, 2016, 24 days after of Plaintiffs filed their motion, the Magistrate ordered a hearing on the motion, to be held on May 18, 2016, exactly one month after Plaintiffs' filed their emergency motion. Dkt. No.453.  On May 18, 2016, a hearing was conducted before the Magistrate where Plaintiffs' request was denied in full ***without a detailed order or an opinion***.  Dkt. No. 455.

## A.  MAGISTRATE'S FINDING BASED ON MAY 18, 2016 HEARING TRANSCRIPT

Judge Ramirez did not issue an opinion.  As such, Plaintiffs turn to the transcript of the hearing to detail the facts giving rise to Plaintiffs' Objection to the Judge's ruling. Judge Ramirez failed to address the case law cited by the Plaintiffs with exception of *Le v. Cheesecake Factory Rests. Inc*., No. 06-20006, 2007 WL 715260, at *2-3 (5th Cir. Mar. 6, 2007).    The Plaintiff only cited to this case with regards to the standard for FRCP 36, but Judge Ramirez relied on that case to redirect the Defendants' burden to Plaintiffs and denote that she is able to look to the "fault" of the parties in determining whether to withdraw the deemed admissions. TR 19:4-9.   Judge Ramirez did not address any of the other cases cited, and appeared to rely almost solely on the case throughout the hearing even though the facts of that case are clearly in applicable here.

### III. ARGUMENTS AND AUTHORITIES

"When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision."  FED. R. CIV. P. 72(a).  A party challenging an order of a magistrate judge's ruling of a pretrial matter must serve and file objections within 14 days of service of that order. FED. R. CIV. P. 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  FED. R. CIV. P. 72(a). The clearly erroneous standard of evaluation applies to the factual components of the magistrate judge's decision. *AssistMed, Inc., v. Conceptual Health Solutions Inc.*, 2006 WL 1489422, at \*2 (N.D. Tex.  May 11, 2006) (Fitzwater, J.); *Lahr v. Fulbright & Jaworski, LLP*, 164 F.R.D 204, 208 (N.D. Tex. 1996).   "The legal conclusions of the magistrate judge are reviewable de novo, and the district judge reverses if the magistrate judge erred in some respect in her legal conclusions."  *AssistMed*, 2005 WL 1489422 at \*2.   The discretionary decisions of the magistrate are evaluated under the abuse-of-discretion standard. *Id*.  "'A district court by definition abuses its discretion when it makes an error of law.'" *Sandwich Chef of Tex., Inc. v. Reliance Nat'l Indem. Ins. Co.*, 319 F.3d 205, 218 (5th Cir. 2003) (quoting *Koon v. United States*, 518 U.S. 81, 100 (1996)).

"Rule 36(b) 'places a burden on both the party who makes the admission and the party who obtains the admission. The party making the admission must show that the presentation of the merits will be subserved. The party obtaining the admission must satisfy the court that the withdrawal or amendment of the admission will prejudice him.'" *Curtis v. State Farm Lloyds*, Civ. A. No. H-03-1025, 2004 WL 1621700, at \*4 (S.D. Tex. Apr. 29, 2004) (quoting *Coca-Cola Bottling Co. v. Coca-Cola Co*., 123 F.R.D. 97, 102 (D. Del.1988)).  As eloquently noted by the Ninth Circuit, Rule 36 is "not to be used in an effort to harass the other side or in the hope that a party's adversary will simply concede essential elements.  Rather, the rule seeks to serve two important goals: <u>truth-seeking</u> in litigation and <u>efficiency in dispensing justice</u>."  *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007). Both of these goals should be weighed in determining whether a motion to withdraw or amend admissions should be granted.  *Id*.

## A.  THE  MAGISTRATE'S  FINDINGS  OF  FACT  OR  UNDERSTANDING  OF  THE FACTS WERE CLEARLY ERRONEOUS

### 1.  JUDGE RAMIREZ'S FACTUAL FINDING WERE INCORRECT

Plaintiffs believe that Judge Ramirez's factual findings in this matter do not accurately reflect the record in this case.  First, Judge Ramirez indicated that Plaintiffs made objections, and provided "non-answers" that were general for the class.  TR. 30:14-17.  Judge Ramirez found on one end that the answers provided were actually different from the deemed admissions [TR 30:20-21] yet at the same time found that found that the answers provided were no different than actual "admissions.  TR 48:5-13.  Plaintiffs find this to be inaccurate and confusing.  First, the magistrate failed to point out in her factual findings which specific admissions were not answered to, but were only objected to generally. TR 1-51.   Moreover, there was *not a single request for admission that was not answered to* with an "admit" or a "deny", with the exception of Plaintiff Heidi Knox, where in Plaintiffs made a typo.[3]   *See* Dkt. 448, Pltfs App. 0075, answer to Request for Admission No. 1 an Interrogatory No. 1

The absence of an admission for Heidi Knox was obviously a typographical error meant to be a denial, since she answered the interrogatory. Dkt No. 448, *Exhibit B1.* Further, if an interrogatory was not responded to, it was because Plaintiff admitted to the question and thus there was no need to respond to the question.  Dkt. No. 448, **Exhibits B1-B6.**  When the Court asked Plaintiffs how could she could find that Plaintiffs had met their burden when "some of the answers that were provided weren't actually answers but were objections and non-answers that was general to the class and not specific to the individual" the question was not well understood by Plaintiffs' counsel and thus a request to repeat the question was made.  App. 30 (TR 30:14-19).  When the question was repeated, it was very clear that the Magistrate's focus were on the interrogatories which were *wholly irrelevant* to Plaintiffs' request to withdraw or amend deemed admissions.

THE COURT: So I looked at the interrogatory answers.
***
THE COURT: And I looked at some of those late answers. And there did not seem to be specific answers. There were some generalities. There were objections, --

---

[3] Plaintiffs inadvertently failed to deny one admission for Heidi Knox under Admission No. 1, which was obviously a blatant error since the Plaintiff answered the interrogatory.  See Dkt. 448, Pltfs App. 0075, answer to Request for Admission No. 1 and Interrogatory No. 1

***

THE COURT: -- lots of objections, and no specific answers to show me that the deemed admission is actually 16 factually inaccurate. If the question is, "Provide specific answers about hours that you claim" -- and I understand, we've had this discussion before, I'm very certain we've had this discussion before, that while each Plaintiff isn't expected to remember every specific time he or she worked overtime, they certainly can remember some instances or should be able to remember some instances and should be able to provide some basis for their calculation, and I didn't see that in any of the answers. They're still general answers about what the Plaintiffs contend. ....

App. 31 (Tr. 31: 8-25)

The issue of the interrogatories was not an issue before the Court, nor was it an issue briefed on by Plaintiffs. See Dkt. No. 436, 440, 448.    Furthermore, interrogatories were not relevant to the determination of whether the merits of the case would be presented if the admissions were not withdrawn.   Nevertheless, the Court made that the focus of Plaintiffs motion to withdraw the deemed admissions on the interrogatories, not the admissions. APP 31(TR 31:8-25).   The Magistrate stated that Plaintiffs did not provide specific answers to interrogatory answers to show her that the deemed admissions were "factually accurate."   APP. 31 (Tr. 31: 16-25).   Specifically she stated, "I didn't see that in any of the answers.  They are still general answers about what the Plaintiffs contend. " APP. 31 (TR 31: 23-25).  The Magistrate failed to point out which interrogatories that were not answered to specifically.    It is undisputed from the record that ***there are no two answers to the interrogatory responses that were answered the same for any of the 29 opt-in Plaintiffs whose answers were late***.  Dkt No. 448 ***B1-B6.*** The Court will find on the records attached that each discovery question for each of the 29 discovery responses containing request for admissions and interrogatories were answered individually, especially with regards to the request for interrogatories. Obviously, the Magistrate did not look at or read Plaintiffs' responses to the admissions and interrogatories carefully, because if she did, she would have noticed that each of the 6 questions regarding hours worked and off the clock work, whether a report or a complaint was made to a manager, whether they were instructed to work off the clock, whether they had information of managers receiving tips for the tip pool, whether they experienced dine and dash/breakages/register shortages, and whether they spent at least two hours or more  cleaning were all answered very individually and very specifically.   Dkt. No. 448, **Exhibits, B1-B6**

Thus, it is hard to believe that the Magistrate could not see that and clearly over looked these facts that were clear from the record.    Regardless, despite the Magistrate's erroneous factual findings, Plaintiffs answered each interrogatory questions individually and specifically to that

individual and the issue of the interrogatories were irrelevant to the issue of the deemed admission. Dkt. 448 ***B1-B6***

Next, Judge Ramirez inaccurately claimed that that there was no evidence in the record to indicate why any of the Plaintiffs were late, including Plaintiffs Michael Stern and Andrew Novy. TR 50.:7-10.  To the contrary, Plaintiffs specifically detailed under their declaration why multiple Plaintiffs were late. Dkt. 448, ***Exhibit A ¶ 7-9.***   For example, Plaintiffs' counsel declared under oath that Michael Stern advised that he was late in response because his father had been in the hospital for several months.  *Id*.   In addition, Michael Stern also had phone number change.   Additionally, Andrew Novy, explained that his ***wife had passed away*** recently and he was busy dealing with issues surrounding her death. *Id*.  Additionally, Plaintiffs explained that Plaintiffs Orlando Ramos was no longer an employee of Mi Cocina, had a phone number change, and could not be reached.  *Id*. Plaintiffs' counsel gave additional explanations, and also explained instances of inadvertent error miscalendaring deadline by one day, etc. Dkt. 448, ***Exhibit A, ¶7-9.***

 Judge Ramirez also inaccurately stated that Plaintiffs were late on every single set of discovery.  This is inaccurate. Plaintiffs were not late on the six set of discovery sent out.  TR 49:23-25.  The Court stated,  [t]his isn't just one set. It's not about just one day. It's six sets with people late on every single set. I mean, it's consistently late.  *Id*.  To the contrary, as Plaintiffs pointed out in the joint submission the sixth and last set of discovery responses were all timely served on Defendants, which Defendants will not dispute.  Dkt. 448, at pg 6.

Further, the magistrate also erroneously found that Plaintiffs were okay with the admissions being deemed admitted.  APP. 13 (TR 13: 1-2).  However, Plaintiffs would not have filed an emergency motion to withdraw or amend deemed admissions and attended a hearing for it if Plaintiffs believed that that was okay with the deemed admissions.  Clearly, there were several factual findings by the magistrate that  was contrary to the facts of the case and as such Plaintiffs as that the Honorable Judge Sam Lindsay reconsider the factual findings of the Magistrate.

**B. JUDGE RAMIREZ'S LEGAL CONCLUSIONS WERE INACCURATE AND CONTRARY TO LAW.**

**1. JUDGE RAMIREZ REDIRECTED DEFENDANTS BURDEN TO PLAINTIFFS**

As stated, "Rule 36(b) 'places a burden on both the party who makes the admission and the party who obtains the admission. The party making the admission must show that the presentation of the merits will be subserved. ***The party obtaining the admission must satisfy the court that the withdrawal or amendment of the admission will prejudice him***.'" *Curtis v. State Farm Lloyds*, Civ. A. No. H-03-1025, 2004 WL 1621700, at *4 (S.D. Tex. Apr. 29, 2004) (quoting *Coca-Cola Bottling Co. v. Coca-Cola Co*., 123 F.R.D. 97, 102 (D. Del.1988)).

However, during the hearing, Judge Ramirez redirected Defendants burden to Plaintiffs.

MS. IBIRONKE: But if we're going back to the law, and I totally understand what you're saying, Your Honor, but the law basically says that the burden is on both the party who makes the admission and the party who obtains the admission. It is our job to explain to the Court how the presentation of the merits would be affected. And I misspoke earlier and it is their burden to prove that they would be prejudiced.

THE COURT: Okay. So now we're flipping –
***
THE COURT: Now you're changing what you told me before, after I've told you why I asked and what the case law says, and so now we're going back.

APP. 17 (TR: 17:8-19)

Judge Ramirez had initially asked who had the burden, and then stated she was asking because of the following:

THE COURT: ...The rule is not clear on the second prong. The *Cheesecake Factory* case that you cited me appears to put the burden on the moving party, but there's other case law that says that the party who obtained the admission has the burden to show prejudice, and that's why I ask.

APP. 16 (TR: 16:4-5)

Accordingly, Judge Ramirez appeared to premise her ruling on *Le v. Cheesecake*, No. 06-2006, 2007 WL 715260, at *2-3 (5th Cir. Mar. 6, 2007).  The Magistrate incorrectly stated that the rule is not clear on the second prong and that the Cheesecake factory case puts the burden on the moving party, which Plaintiffs believe was inaccurate and contrary to the law.  To the contrary, the

11

rule is very clear, and the *Cheesecake* case, which the Magistrate relied on specifically quoted *In re Carney,* a 5th Circuit case by stating "the court may permit withdrawal or amendment if…the party who obtained the admission failed to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defend on the merits." *Le v. Cheesecake Factory Rests. Inc*., No. 06-20006, 2007 WL 715260, at *2-3 (5th Cir. Mar. 6, 2007). Thus, the *Cheesecake Factory* case even agrees that the burden rest with the Defendants, not the Plaintiffs, in proving prejudice and cited the *Carney* case in support of that. In fact, all the cases that Plaintiffs cited and the Defendants cited including the *Cheesecake Factory* case all show indication that the burden to prove prejudice rests with the party that obtained the admission. *See* case law cited in Dkt. 448. The magistrate did not accurately cite the legal standard in this case and thus clearly improperly placed the burden on Plaintiff to prove both prongs of the two part test, which was contrary to the law.

Further, it is not up to the parties to determine who has the burden as the Magistrate asked the Plaintiffs in this case. The burden rest on who the law says it rests on. The general rule in the Fifth circuit is "In order to allow withdrawal of a deemed admission, Rule 36(b) requires that a trial court find that withdrawal or amendment: 1) would serve the presentation of the case on its merits, but 2) would not prejudice the party that obtained the admissions in its presentation of the case." *In re Carney,* 258 F.3d 415, 419 (5th Cir. 2001). "Rule 36(b) 'places a burden on both the party who makes the admission and the party who obtains the admission. The party making the admission must show that the presentation of the merits will be subserved. The party obtaining the admission must satisfy the court that the withdrawal or amendment of the admission will prejudice him.'" *Republic Title of Texas Inc. v. First Republic Title LLC*., No. 14-3838 2015 WL 3755060 at *1 & *7 (N.D. Tex. Jun. 16, 2015) citing *Curtis v. State Farm Lloyds*, Civ. A. No. H-03-1025, 2004 WL 1621700, at *4 (S.D. Tex. Apr. 29, 2004) (quoting *Coca-Cola Bottling Co. v. Coca-Cola Co.*, 123 F.R.D. 97, 102 (D. Del.1988)).

Regardless, the facts in *Le* are not applicable here. In *Le*, the Defendant sent out request for admissions which were answered untimely. *Le*, 2007 WL 715260, at *2-3. Defendants subsequently filed a motion for summary judgement based on the deemed admissions. A month and a few days later, the Plaintiff filed a motion to withdraw deemed admissions, five months from when Plaintiff was aware of the admission and two days before the discovery period closed. *Id*. Plaintiff also failed to make any arguments showing that the presentation of the merits of the case would be

served by allowing the withdrawal.  The Court affirmed the decision of the lower Court based on facts detailed, which are not present here.

In deciding Plaintiffs' motion, the magistrate judge improperly placed on Plaintiffs the complete burden of the two prong test to show that the merits of the case would be subserved if the admissions were deemed admitted and to prove that the Defendants would be prejudiced if the admissions were withdrawn, which is not the standard.  "'A district court by definition abuses its discretion when it makes an error of law.'"  *Sandwich Chef of Tex., Inc. v. Reliance Nat'l Indem. Ins. Co.*, 319 F.3d 205, 218 (5th Cir. 2003) (quoting *Koon v. United States*, 518 U.S. 81, 100 (1996)).  Thus, it is very clear that the Magistrate got it completely wrong on the application of the law, when she placed the burden on Plaintiffs, and therefore ruled contrary to the law.

**2. JUDGE RAMIREZ ABUSED HER DISCRETION IN FINDING THAT PLAINTIFFS HAD NOT MET THEIR BURDEN TO SHOW THAT THE PRESENTATION OF THE MERITS WOULD BE SUBSERVED AND THAT DEFENDANTS WERE PREJUDICED.**

**a. Plaintiffs provided Amble Evidence that the Merits of the Case Would be Subserved if Admissions were not Withdrawn.**

Judge Ramirez asked Plaintiffs to tell her how the merits of the case would not be presented if the she didn't allow the admissions to be withdrawn,  and Plaintiffs' counsel made the point that because this case is being litigated on representative basis, if 70% of the discovery from opt-in Plaintiffs are deemed admitted it would destroy the case.  APP. 27-29 (TR 27:5-29:8). Although the point is clear in Plaintiffs motion and in their portion of the joint submission that if the deemed admissions are not withdrawn, it would affect the presentation of the case on the merits, [Dkt. No. 448 pg.12-16]  the Magistrate ignored all of Plaintiffs arguments.   Rather than focusing on the substance of Plaintiffs arguments in the motion, Judge Ramirez  focused on the fact that specific and particular amount of  70% of the discovery being deemed would affect the presentation of the case was not exactly worded in the joint submission motion.  APP 27 (TR 27: 9-19).   This is clearly not the case and not a basis to deny Plaintiffs request because the substance of the argument was in Plaintiffs motion.

To the contrary, Judge Ramirez overlooked what was presented in the Parties' joint submission.  A review of the record clearly demonstrates that Defendants conceded on page 29 of the Parties' joint submission, " the overall percentage of opt-ins who have defaulted on discovery and are

deemed to have admitted the requested facts is near 70 percent.  Dkt. No. 448 pg. 29.  Thus, Plaintiffs made the argument before the court referencing this percentage that Defendants had pointed out, but had clearly addressed the issue of how the merits of the case would be affected in the joint submission.  Dkt. No. 448, pgs. 12-16.  Therefore, if Defendants are right that if 70% of the admissions are deemed admitted, then this case would surely be decertified and not based on the merits of the case.

Further, if the deemed admissions were not dispositive, Defendants would not be fighting Plaintiffs in the quest to have the admissions removed, nor would they be stating that they chose not to seek a motion to compel once the admissions were  deemed. APP 46: (TR 46:2-3).   In fact, Defendants conceded in the joint submission that "the deemed admissions undoubtedly impair the Opt-In Plaintiffs' claims individually, the admissions are automatically fatal to all of those individual claims".  Dkt No. 448 pg. 30.   Thus it was clear to both the Plaintiffs and the Defendants that the merits of the case would be subserved if the admission was not withdrawn and by Defendants own admission to this fact, Plaintiffs would have made the first prong test.

Moreover, the magistrate had previously granted to Defendants the ability to take discovery of 20% of the opt-in class and take depositions of 7% for the purposes of their defense and motion to decertify.  Dkt. No. 336.   It goes without questions that if more than half of the representative class that were sent admissions questions all admit that they were paid for all hours worked, that they never complained to a manager about not getting all their wages or tips, that they never worked off the clock, that managers never participated in a tip pool, that they never experienced wage or tip deductions, and that they never cleaned more than two hours, Plaintiffs simply could not defend against a decertification motion by Defendants.    Plaintiffs correctly argued to the Magistrate that if a majority of the Plaintiffs request, were deemed admitted Plaintiffs' case could not move forward on the merits and detailed every reason why each question being deemed would result in a lack of presentation of the merit. APP. 20 (TR 20:1-23:6).  Moreover, every single opt-in Plaintiff denied that they were paid for all hours worked.  Thus, if those questions are deemed admitted, Defendants can easily use that to show that Plaintiffs are not similarly situated.

Moreover, Defendants wholly failed to show that they would be prejudiced if the admissions were withdrawn and the record is absent on the basis for this finding if any.  APP TR: 1-51.  As to the second, prejudice prong of the Rule 36(b) standard, "[t]hat it would be necessary for a party to prove a fact that it would not otherwise be obligated to prove if the matter were deemed admitted

does not constitute the kind of prejudice contemplated by Rule 36(b)." *AmeriFirst Funding*, 2008 WL 2073498, at *2. Rather, "[c]ourts have usually found that the prejudice by Rule 36(b) relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." *Am. Auto. Ass'n*, 930 F.2d at 112. "Courts have also considered ..., within the prejudice analysis, the timing of the motion for withdrawal as it relates to the diligence of the party seeking withdrawal and the adequacy of time remaining for additional discovery before trial." R*epublic Title of Texas Inc. v. First Republic Title LLC*., No. 14-3838 2015 WL 3755060 at *1 & *7 (N.D. Tex. Jun. 16, 2015) citing *Le*, 2007 WL 715260, at *3.  The Court stated that regardless of who had the prejudice prong she thought there was prejudice because decisions were made as to how to proceed with discovery and that discovery would be pushed back.   APP TR 49:1-9. However, this point became moot the moment the discovery deadline was extended. Dkt. 422. Thus, it is unclear how the Court could find prejudice but was unable to find that the merits of the case were not subserved.

The notes of the advisory committee in Rule 36 provides, "Unless the party securing an admission can depend on its binding effect, he cannot safely avoid the expense of preparing to prove the very matters on which he has secured the admission, and the purpose of the rule is defeated. Field & McKusick, *Maine Civil Practice* §36.4 (1959); *Finman*, *supra*, 71 Yale L.J. 371, 418–426; Comment, 56 Nw.U.L.Rev. 679, 682–683 (1961).  Provision is made for withdrawal or amendment of an admission. This provision emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice. *Cf. Moosman v. Joseph P. Blitz, Inc*., 358 F.2d 686 (2d Cir. 1966)."  The Magistrates ruling here would clearly operate to the detriment of the presentation of Plaintiffs' case on the merits and would significantly prejudice the representative class of the case and greatly assist the Defendants in obtaining decertification in light of the multiple FLSA violations they have willfully engaged in over the years.

### b. The Magistrates Ruling is Contrary to other Fifth Circuit Rulings on this issue where Adequate Time for Discovery Remains and Summary Judgments Have Not Been Filed based on Deemed Admissions

Further  Courts in the Fifth Circuit have allowed deemed admissions to be withdrawn even after a significant period of time has passed after the request is deemed admitted.   See *Gauthe v. Mercer*, No. 15-26-BAJ-RLB, 2015, WL _____ at *___(M.D. La. Sept. 11, 2015), where court

stated, "Plaintiff acted with considerable diligence in seeking to withdraw the deemed admissions approximately 5 weeks after they were deemed admitted."   *See also Murrell v. Casterline,* No. 03-0257, 2009 WL 1788428, at *3 (W.D. La. June 22, 2009) (allowing amendment of deemed admissions in the "interests of justice" where defendants mailed responses to requests for admissions 19 days late and **did not seek to withdraw the deemed admissions until *two years later***). See *Republic Title of Texas Inc. v. First Republic Title LLC*., No. 14-3838 2015 WL 3755060 at *1 & *7 (N.D. Tex. Jun. 16, 2015) (granting motion to withdraw deemed admissions over objections even after Defendants waited almost two months to file their motion after they were aware of the admissions); *Butler v.  Taser Int'l, Inc.,* No. 3:11-cv-00030-K, Dkt. No. 16, 2011WL 13067409 at *2 (N. D. Tex. Aug. 11, 2011).

Additionally, all of the cases that Defendants relied on in the joint submission were not on point and distinguished individually by the Plaintiffs.  Dkt. 448.  Usually,  the cases where the withdrawal of deemed admission has been denied usually takes into consideration whether there is adequate time for discovery, whether a motion for summary judgment has passed, whether the discovery deadline as passed,  whether the merits of the case would be subserved, whether prejudice would result to the Defendants. See  *Alford v. State Parking Services*, Inc., 3:13-cv-4546-L, 2015 WL 477267 (N.D. Tex. Feb. 5, 2015); *Allsupp v. Akinyama*, Inc., 2010 WL 1258006 (D. Col. Mar. 26, 2010);*Branch Banking and Trust Co. v. Deutz-Allis Corp*, 120 F.R.D. 655, 658 (1988); *Curtis v. State Farm Lloyds*, 2004 WL 1621700 *3-7 (S.D. Tex. Apr. 29, 2004);  *EEOC v. Jordan Graphics, Inc.*, 135 F.R.D. 126 (1991).   Those facts and analysis were not fully present in this case.

Here, Defendants had already filed their dispositive motion for partial summary judgment which was not based on the deemed admissions and discovery was extended to August 01, 2016. Dkt. No. 422.   Further, decertification motion is not due until, September 19, 2016, and trial is not set.  Dkt. No. 422.  Defendants had sufficient time and opportunity to challenge any requests for admission denied by Plaintiff through the discovery process. *See N. Louisiana Rehab. Ctr., Inc. v. United States,* 179 F.Supp.2d 658, 663 (W.D. La. 2001) (finding no prejudice to plaintiff in allowing withdrawal of admission where there was "adequate time before trial to conduct limited discovery" on the issue addressed in the request for admission).  Thus, the magistrate abused her discretion and went contrary to the law in the Fifth Circuit in making her ruling.

   b. **The Magistrate Ruled Contrary to the Law in Finding Fault against the Plaintiffs, Unguided by Legal Precedent.**

Plaintiffs do not deny that Judge Ramirez has the discretion to deny withdrawal, but that withdrawal has to be rooted in law and fact. Nevertheless, "[t]his discretion [over discovery issues] is not wholly unfettered." *Perez v. Miami-Dade County*, 297 F.3d 1255, 1266 (11th Cir. 2002) quoting *Chrysler Int'l Corp.*, 280 F.3d at 1360. First, the court should consider whether the withdrawal will subserve the presentation of the merits, and second, it must determine whether the withdrawal will prejudice the party who obtained the admissions in its presentation of the case. *Id.; Hadley v. United States,* 45 F.3d 1345, 1348 (9th Cir.1995); *FDIC v. Prusia,* 18 F.3d 637, 640 (8th Cir.1994).

("[A]lthough the motion [to withdraw admissions] is, as the parties acknowledge, directed to the sound discretion of the court, the discretion should not be exercised in terms of the defaulting party's excuses, but in terms of the effect upon the litigation and prejudice to the resisting party.") (internal citations omitted). *Perez*, at 1266 quoting *Asea, Inc., v. Southern Pac. Transp. Co.,* 669 F.2d 1242, 1248 (9th Cir.1981). While we stop short of holding that movants have "an absolute right ... to have [their] admissions withdrawn," we nonetheless believe that, to best fulfill the purposes of Rule 36, a district court must abide by the two-part test of Rule 36(b). *Id*. We hold, therefore, that a district court abuses its discretion under Rule 36(b) in denying a motion to withdraw or amend admissions when it applies some other criterion beyond the two-part test — or grossly misapplies the two-part test — in making its ruling. *Id*. citing *Gutting v. Falstaff Brewing Corp.,* 710 F.2d 1309, 1313 (8th Cir.1983) ("Regardless of the intentions of the district court to sanction [the party], we find the district erred in not considering the factors set out in [R]ule 36(b).").

The 11th Circuit Court in *Perez* found that the Court .... "focused on the thirty-day time limit from Rule 36(a), noted that the County had missed the deadlines for both requests, and reaffirmed its finding that the items had been deemed admitted. *Perez*, at 1266. Even though, in their motion to withdraw, the defendants had argued that Perez had shown no prejudice, the only other reason the district court gave for denying the withdrawal was the inadequacy of the County's excuse for its belated responses, finding there was "utter neglect of this case and flagrant disregard for the Federal Rules of Civil Procedure for over seven months." *Id*. That is not the case here.

Moreover, the facts in the *Republic Title of Texas Inc. v. First Republic Title LLC*., No. 14-3838 2015 WL 3755060 at *1 & *7 (N.D. Tex. Jun. 16, 2015) is on point to this case. In *Republic*

*Title of Texas Inc.,* the Court granted Defendant's motion to withdraw deemed admissions over objections that Defendants waited almost two months to file their motion after they were aware of the admissions.   In *Republic* the Plaintiffs urged that the Court should, in its discretion choose not to grant the defendant's request to undeem admissions because of Defendant's bad faith conduct, gamesmanship, dishonesty and clear motive to conceal its conduct so as to benefit from that concealment."   *Id.*   Plaintiff contends that "Defendant provided no explanation for its failure to respond to discovery - neither asserting nor supporting any mistake or accident"...that "Defendant actually propounded its own set of  discovery on Plaintiff on  January 6, 2015 and received responses from Plaintiff on February 5, 2015"; that, nevertheless, "Defendant filed is Motion four (4) months after the responses were due and then waited almost  another two 2 months after it knew they were well past due to file this Motion".  *Id.*  The Court disagrees with Plaintiff's arguments.    The Court noted that, "Defendant offers no explanation for its untimely responses to the requests for admissions and its further delay in moving to withdraw the deemed admissions and acknowledged its counsel's fault in missing the deadline. *See* Dkt. No. 19; Dkt. No. 23 at 23 of 71. But the Court does not find enough evidence presented to support Plaintiff's inference that Defendant's counsel must have been engaged in dishonesty and falsehood when communicating in March 2015 about whether Defendant had served discovery responses. *See* Dkt. No. 23 at 4 of 71, 19-24 of 71. Further, Defendants have served their responses to the requests for admissions, which suggest that the deemed admissions may be contrary to the factual record that can be developed in the case. And the delay that Plaintiff points to in this case - just at two months in responding and a little over three months from the missed response date to file the motion to withdraw - does not match the kind of record of delay or lack of diligence that have, in other cases, merited a finding that Rule 36(b)'s first prong is not satisfied. *See*, e.g., Covarrubias, 192 F. App'x at 248; Curtis, 2004 WL 1621700, at *6.  *Id.*  These same facts are present in our case, yet the Magistrate ruled totally contrary to Judge Horan's case and based her ruling on a case that was totally inapplicable to the facts in present matter.

Here, Defendants had already filed their dispositive motion for partial summary judgment which was not based on the deemed admissions and discovery was extended to August 01, 2016. Further, decertification motion is not due until, September 19, 2016, and trial is not set.  Dkt. No. 422.  Defendants had and still have sufficient time and opportunity to challenge any requests for admission denied by Plaintiff through the discovery process. *See N. Louisiana Rehab. Ctr., Inc. v. United States,* 179 F.Supp.2d 658, 663 (W.D. La. 2001) (finding no prejudice to plaintiff in allowing withdrawal of admission where there was "adequate time before trial to conduct limited discovery"

on the issue addressed in the request for admission).  The magistrate Judge ignored that standard and made her ruling based on a fault that was unfounded in law and unguided by legal principals in light of the amount of time left for discovery and the amount of time left for decertification and the arguments and the evidence of file.

### 3.   THE MAGISTRATE FAILED TO ADDRESS THE ISSUE OF  WITHDRAWING THE DEEMED ADMISSION UNREACHED PLAINTIFFS

The magistrate failed to completely address Plaintiffs' issue regarding withdrawing the deemed admissions for 10 opt-in Plaintiffs who had not been reached in the course of discovery. APP 1-51 (TR: 1-51, not present).  Plaintiffs made this request because at the moment, it is unclear whether Defendants will be entitled to discovery of 70 opt in Plaintiffs rather than 60.  Currently pending before this Court is Defendants' Motion for Partial Summary Judgment to Dismiss 50 opt-in Plaintiffs.  If the Court were to rule in Defendants' favor, 50 opt-in Plaintiffs would be dismissed from the class bringing the current class size to 304.  If the class size is reduced by 50 Plaintiffs, Defendants would only be entitled to discovery from 60 opt-in Plaintiffs, and would be entitled to depositions of 21 Plaintiffs.   Thus, no additional written discovery would be due or owed from Plaintiffs to Defendants unless the Court rules against Defendants.   The Court, failed to completely address this issue and.  TR APP: 1-51.  As such, the magistrate abused her discretion in failing to address Plaintiffs issue regarding these discovery requests.

## VI.   <u>CONCLUSION</u>

For the reasons cited above, the Plaintiffs respectfully objects to the Magistrate's ruling on Plaintiffs motion to withdraw or amend deemed admissions.  The Court should reconsider the Magistrate's ruling on Plaintiffs for to withdraw or amend deemed admissions.  If the withdraw is not allowed, the admissions would effectively preclude Plaintiffs' case from going forward and would be decertified. Thus the court should permit Plaintiffs to withdraw or amend deemed admissions to Defendants' Request for Admissions, particularly 1-6, because doing so will promote the presentation of the merits     of     the     case,     and     Defendants     will     not     be     prejudiced.

## VII.   <u>PRAYER</u>

WHEREFORE, Plaintiffs respectfully pray that the Court reconsider the Magistrate's ruling and that her order be vacated and that Court enters an order permitting Plaintiffs to withdraw or amend deemed admissions to Defendants' Request for Admissions consistent with the applicable laws and facts of the case.

Respectfully submitted,
 **AI LEGAL GROUP, PLLC**
**/S/ RHODA APPIAH-BOATENG**

_____
Caroline A. Ibironke
TBA #24050803
RHODA B. APPIAH-BOATENG
TBA #24049814
6060 North Central Expressway STE 560
Dallas, Texas 75206
Tel.:    866-496-5015
Fax:    866-496-5041
e-mail: caroline@ailegalgroup.com
e-mail: Rhoda@ailegalgroup.com

**ATTORNEYS FOR PLAINTIFFS**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that service of the foregoing document will be accomplished through the notice of electronic filing in accordance with the Federal Rules of Civil Procedure on this 2nd day of June 2016, to the following:

Ann Marie Painter
State Bar No. 00784715
ampainter@perkinscoie.com
Jason R. Elliott
State Bar No. 24050558
jelliott@perkinscoie.com
Perkins Coie, LLP
500 N. Akard St., Suite 3300,

Dallas, TX  75201
PH: 214-965-7715
FX: 214-965-7765

**/S/ RHODA APPIAH-BOATENG**

_____

RHODA APPIAH-BOATENG