**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| JAVIER GOMEZ, et al., § | |
|     Plaintiff(s), § | |
| § | |
| vs. § | CIVIL ACTION NO: 3:14-cv-2934 P |
| § | JURY |
| § | |
| MI COCINA LTD, et al., § | |
|     Defendants. § | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' OBJECTIONS TO
MAGISTRATE'S JUDGE'S ORDER**

Defendants file this Response in Opposition to Plaintiffs' *Objection to Magistrate Judge's Order Denying Plaintiffs' Emergency Motion to Withdraw or Amend Deemed Admission to Defendants' Request for Admissions and Extension of Time to Respond to Discovery* [Dkt. Nos. 463 and 467], and respectfully show the Court as follows:

## TABLE OF CONTENTS

Page

I. SUMMARY OF THE RESPONSE ................................................................. 1

II. RELEVANT PROCEDURAL HISTORY ...................................................... 1

    1. Defendants' long-standing effort to address the issue of deemed admissions, and reliance on them, was ignored by Plaintiffs .................................................................................................. 3

    2. Plaintiffs kept Defendants guessing about their intentions by resisting a continuance in the lawsuit and arguing Defendants could rely on deemed admissions, but later seeking to withdraw admissions when a continuance was granted .................................................................................................. 4

III. ARGUMENT AND AUTHORITIES ............................................................ 5

    A. Standard of Review for Objections to Magistrate Judge's Order .............. 5
    B. There is No Error of Law ............................................................................ 6
    C. There is No Clearly Erroneous Factual Finding ....................................... 10

        1. The Court properly credited Defendants' evidence and arguments that withdrawal of deemed admissions would act to unfairly prejudice Defendants .................................................. 10

        2. The Court properly found that Plaintiffs had presented no evidence excusing each individual's failure to timely answer requests for admissions .................................................... 12

        3. Plaintiffs have not demonstrated an inability to present the merits of their case unless deemed admissions are withdrawn ...................................................................................... 13

    D. The Court's Refusal to Retroactively Nullify Written Discovery Served to Opt-In Plaintiffs Was Not an Abuse of Discretion ................... 14

## TABLE OF AUTHORITIES

Page

**CASES**

*Anderson v. City of Bessemer City, N.C.*,
   470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985) ................................................. 5

*Branch Banking & Trust Co. v. Deutz-Allis Corp.*,
   120 F.R.D. 655 (E.D.N.C. 1988) ................................................................................. 11

*Curtis v. State Farm Lloyds*,
   2004 WL 1621700 (S.D. Tex. Apr. 29, 2004) ............................................................. 13

*Donovan v. Carls Drug Co., Inc.*,
   703 F.2d 650 (2d Cir. 1983) ......................................................................................... 8

*Employment Opportunity Comm'n v. Jordan Graphics, Inc.*,
   135 F.R.D. 126 (W.D.N.C.1991) ................................................................................ 10

*In re Carney*,
   258 F.3d 415 (5th Cir. 2001) ............................................................................. 6, 8, 14

*James v. Life Ins. Co. of N. Am.*,
   2015 WL 4126580 (N.D. Tex. July 15, 2015) .............................................................. 7

*Le v. Cheesecake Factory*,
   2007 WL 715260 (5th Cir. Mar. 6, 2007) ..................................................................... 6

*Merrill v. Waffle House, Inc.*,
   227 F.R.D. 475 (N.D. Tex. 2005) ................................................................................. 7

*Pickens v. Equitable Life Assurance Soc.*,
   413 F.2d 1390 (5th Cir. 1969) .................................................................................. 6, 8

*RTC v. Sands*,
   151 F.R.D. 616 (N.D.Tex.1993) ................................................................................... 5

*Smith v. Smith*,
   154 F.R.D. 661 (N.D.Tex.1994) ................................................................................... 5

**OTHER AUTHORITIES**

FED. R. CIV. P. 36(a)(3) ........................................................................................................ 5

FED. R. CIV. P. 36(b) ...................................................................................................... 5, 11

# TABLE OF AUTHORITIES
(continued)

**Page**

Rule 36 ................................................................................................................. passim

Rule 36(a) ....................................................................................................................8

Rule 72(a) ....................................................................................................................5

## I.     SUMMARY OF THE RESPONSE

Plaintiffs have asked the Court to reverse a discretionary discovery order entered by Magistrate Judge Irma Ramirez denying Plaintiffs' motion to withdraw "deemed admissions" of 43 individuals who failed to answer six requests for admission served individually in this Fair Labor Standards Act collective action lawsuit. Rule 36 provides that facts are conclusively deemed admitted unless withdrawn and places a heavy burden on the party seeking withdrawal to show two things, neither of which any of these 43 individuals was able to show. First, a party must show (1) the merits of the action will be promoted by withdrawal. and (2) the non-moving party will not be prejudiced as a result of the withdrawal. The Fifth Circuit has made clear that, even upon such a showing, the trial court may exercise its discretion to deny a request to withdraw deemed admissions.

Plaintiffs take issue with many of the remarks made and questions asked by the Magistrate Judge during oral argument on this Motion. But what they have failed to do is articulate any persuasive reason why the Magistrate Judge's ultimate conclusion—that the admissions should not be withdrawn—(1) constituted a clearly erroneous finding of fact, (2) was contrary to Rule 36, or (3) represented an abuse of the Magistrate Judge's discretion. As such, Plaintiffs have not satisfied their burden, and the Magistrate Judge's order should stand.

## II.     RELEVANT PROCEDURAL HISTORY

As authorized by the Court some time ago, Defendants served six identical requests for admissions to 62 Opt-In Plaintiffs. Answers to each of these were long before Plaintiffs filed a motion to withdraw deemed admissions, with some due as long ago as December 23, 2015. Among those 62 served, only 19 provided timely answers. Ten of those 62 Opt-Ins never responded to any written discovery, and 33 have served answers ranging from one day late to 90

days late. In total, 43 of these 62 Opt-Ins have been deemed to have admitted all of the items in Defendants' requests for admissions. The following schedule represents the history of discovery with respect to the Opt-Ins Plaintiffs' who are deemed to have admitted the facts at issue:[1]

| Name | Date Served | Stipulated Date Due | Answer Service Date | Days Late |
|---|---|---|---|---|
| Thomas, Michelle | 11/13/2015 | 12/23/2015 | 2/23/2016 | 62 |
| Aguilar, Javier | 12/1/2015 | 1/14/2016 | 4/13/2016 | 90 |
| Aguinaga, Marcos | 12/1/2015 | 1/14/2016 | 1/21/2016 | 7 |
| Loya, Omar | 12/1/2015 | 1/14/2016 | 1/20/2016 | 6 |
| Ortiz, Francisco | 12/1/2015 | 1/14/2016 | NONE | 100+ |
| Romero, Elizabeth | 12/1/2015 | 1/14/2016 | 2/23/2016 | 40 |
| Stern, Mike | 12/1/2015 | 1/14/2016 | 2/24/2026 | 41 |
| Talamantes, Irma | 12/1/2015 | 1/14/2016 | NONE | 100+ |
| Alarcon, Elda | 12/21/2015 | 1/20/2016 | 1/21/2016 | 1 |
| Blake, Jennifer | 12/21/2015 | 1/20/2016 | 1/21/2016 | 1 |
| Guerrero, Victor | 12/21/2015 | 1/20/2016 | 1/21/2016 | 1 |
| Lopez, Isabel | 12/21/2015 | 1/20/2016 | NONE | 100+ |
| Sanchez, Anayeli | 12/21/2015 | 1/20/2016 | 1/21/2016 | 1 |
| Valenciano, Javier | 12/21/2015 | 1/20/2016 | 1/21/2016 | 1 |
| Aguilera, Erika | 1/12/2016 | 2/11/2016 | 2/12/2016 | 1 |
| Aguirre, Marbella | 1/12/2016 | 2/11/2016 | 2/12/2016 | 1 |
| Alcaraz, Maria | 1/12/2016 | 2/11/2016 | 2/12/2016 | 1 |
| Barron, Kevin | 1/12/2016 | 2/11/2016 | 2/12/2016 | 1 |
| Bonilla Romero, Silvia | 1/12/2016 | 2/11/2016 | 4/6/2016 | 55 |
| De Haro, Angelica | 1/12/2016 | 2/11/2016 | NONE | 100+ |
| Delgado Ramos, Orlando | 1/12/2016 | 2/11/2016 | 4/7/2016 | 56 |
| Dominguez, Luis | 1/12/2016 | 2/11/2016 | 2/12/2016 | 1 |
| Dominguez, Charlie | 1/12/2016 | 2/11/2016 | NONE | 100+ |
| Elydrissi, Abderrahmane | 1/12/2016 | 2/11/2016 | 2/12/2016 | 1 |
| Escobedo, Brenda | 1/12/2016 | 2/11/2016 | 2/12/2016 | 1 |
| Gross, Johnna | 1/12/2016 | 2/11/2016 | NONE | 100+ |
| Gurevich, David | 1/12/2016 | 2/11/2016 | NONE | 100+ |
| Hernandez, Esmeralda | 1/12/2016 | 2/11/2016 | 2/29/2016 | 18 |
| Irineo, Hugo | 1/12/2016 | 2/11/2016 | 2/24/2016 | 13 |
| Kifer, William | 1/12/2016 | 2/11/2016 | NONE | 100+ |
| Kleeb, Nathan | 1/12/2016 | 2/11/2016 | 2/12/2016 | 1 |
| Knitch, Alexander | 1/12/2016 | 2/11/2016 | 2/12/2016 | 1 |
| Knox, Heidi | 1/12/2016 | 2/11/2016 | 2/12/2016 | 1 |
| Laguna, Miguel | 1/12/2016 | 2/11/2016 | 2/18/2016 | 7 |
| Lopez Diaz, Genaro | 1/12/2016 | 2/11/2016 | 2/29/2016 | 18 |
| McCallum, Caroline | 1/12/2016 | 2/11/2016 | NONE | 100+ |

---

[1] *See* Parties' Joint Submission, Dkt. No. 448 at 8.

| Name | Date Served | Stipulated Date Due | Answer Service Date | Days Late |
|---|---|---|---|---|
| Neal, Christy | 1/12/2016 | 2/11/2016 | 2/18/2016 | 7 |
| Novy, Andrew | 1/12/2016 | 2/11/2016 | 4/7/2016 | 56 |
| Jackson, Morgan | 1/29/2016 | 2/29/2016 | NONE | 100+ |
| Nwaohia, Ezinwanne | 1/29/2016 | 2/29/2016 | 3/1/2016 | 1 |
| Urieta, Noel | 1/29/2016 | 2/29/2016 | 3/16/2016 | 16 |
| Vera, Jessica | 1/29/2016 | 2/29/2016 | 3/1/2016 | 1 |
| Vidales, Paciano | 1/29/2016 | 2/29/2016 | 3/1/2016 | 1 |

### 1. Defendants' long-standing effort to address the issue of deemed admissions, and reliance on them, was ignored by Plaintiffs

On January 25, 2016, Defendants' counsel sent a letter to Plaintiffs' counsel concerning the matter of untimely or non-existent answers to Defendants' request for admissions, and specifically asked Plaintiffs <u>whether they intended to seek withdrawal of those deemed admissions</u>:

> By operation of Rule 36, the Requests for Admission served to the above-mentioned Opt-In Plaintiffs are **now deemed admitted**, and Defendants **intend to rely on those deemed admissions for the remainder of this action**—as well as any deemed admissions pertaining to future non-answering Opt-Ins. The Interrogatories that accompanied each of Defendants' Requests for Admission were only effective in the instance of a corresponding Request for Admission being denied. Because Requests for Admission have been admitted and not denied in many instances, we have no need to compel answers to Interrogatories.
>
> *To the extent you intend to seek the withdrawal of the deemed admissions ascribed to any defaulting Opt-In Plaintiff, we ask that you promptly advise us of your intention to do so and specify each Opt-In for whom you will seek such withdrawal.* Given the limited amount of discovery available to Defendants from the Opt-In Plaintiffs who have joined this case and the short period of time remaining for obtaining that discovery, it is essential that Defendants to have a fair opportunity to take appropriate action to protect themselves from the prejudice resulting from the lengthy delays in responding and untimely answers. This letter does not represent Defendants' agreement to the withdrawal of deemed admissions, or any waiver of our right to contest such withdrawal. However, if the Opt-In Plaintiffs above, or any others, intend to come forward with additional untimely responses or otherwise seek to withdraw these deemed admissions,

Defendants ask that Plaintiffs advise Defendants of this now and with sufficient specificity so that Defendants may in fairness protect their interests.[2]

On February 16, 2016, Defendants filed an opposed Motion for Continuance with the Court in which they again raised the issue of deemed admissions, stating:

> Defendants contend that some of the answers received were untimely served and/or unverified, and that facts set forth in requests for admissions have, in the instance of untimely responses, been deemed admitted under Rule 36.[3]

**2. Plaintiffs kept Defendants guessing about their intentions by resisting a continuance in the lawsuit and arguing Defendants could rely on deemed admissions, but later seeking to withdraw admissions when a continuance was granted**

Plaintiffs opposed Defendants' requested continuance by evincing a clear intention, on February 24, 2016, to take <u>no action</u> to withdraw the deemed admissions. They argued in Court documents that Defendants would be able to rely on deemed admissions—and, therefore, should need no further discovery:

> Defendants contend that any admission question not timely answered are deemed admitted, so it begs the question why they would need 4 months of discovery <u>when they can make their case with what they currently have</u>."[4]

As is obvious, in February 2016, Plaintiffs were aware that they had a potential problem with "deemed admissions," and with that knowledge, they opted to use this fact to their advantage rather than take prompt action remedy it.

Two months after addressing the deemed admissions in Court documents as a reason why discovery need not be continued, and three months after Defendants posed the issue in their letter to Plaintiffs' counsel, Plaintiffs then filed what they captioned as an "emergency" motion to have all of those deemed admissions withdrawn. There was no "emergency" when Plaintiffs

---

[2] *See* Dkt. No. 449, Appendix to Joint Submission, (Def's APP 012-013, Letter dated January 25, 2016 (emphasis added)).
[3] *See* Dkt. No. 386 at 3, n.8, Defendants' Motion for Continuance.
[4] *See* Dkt. No. 394 at 14, Plaintiffs' Response to Defendants' Motion for Continuance.

leveraged the fact of deemed admissions to help them in some aspect of the case, which use kept Defendants in the dark about which facts would be at issue in discovery and which would not.

### III.  ARGUMENT AND AUTHORITIES

#### A.  Standard of Review for Objections to Magistrate Judge's Order

Under Rule 72(a), a non-dispositive determination of a Magistrate Judge may be reversed only if it is "clearly erroneous" or "contrary to law." The "clearly erroneous" standard applies to the factual components of the magistrate judge's decision. *Smith v. Smith,* 154 F.R.D. 661, 665 (N.D.Tex.1994). A district court "may not disturb a factual finding of the magistrate judge 'unless, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed.'" *Id.* (quoting *RTC v. Sands,* 151 F.R.D. 616, 618 (N.D.Tex.1993) (citing *Anderson v. City of Bessemer City, N.C.,* 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985))). Accordingly, if the Magistrate Judge's "'account of the evidence is plausible in light of the record viewed in its entirety,' a district judge may not reverse it." *Id.* (quoting *RTC v. Sands,* 151 F.R.D. at 618).

A magistrate judge's conclusions of law may be reviewed *de novo* and reversed only if the she erred in reaching her legal conclusions. *Smith*, 154 F.R.D. at 665. Here, Plaintiff has cited no controlling law with respect to any issue that was disregarded by the Magistrate Judge. With respect to the objections Plaintiffs have made, there are no ascertainable "errors of law" identified; thus, there is nothing that is subject to review on a *de novo* standard. Plaintiffs objections must meet the heavy burden of establishing that there was a clearly erroneous factual finding or that the Magistrate Judge abused her discretion in entering the Order. "[T]he abuse of discretion standard governs review of that vast area […] that remains [when the magistrate judge] has properly applied the law to fact findings that are not clearly erroneous." *Id.*

If a request for admission is not timely answered within 30 days after service, the "matter is admitted." FED. R. CIV. P. 36(a)(3). Once admitted, the matter is "conclusively established unless the court, on motion, permits withdrawal or amendment of the admission." FED. R. CIV. P. 36(b). A trial court may not allow withdrawal unless two factors are both met: (1) it would serve the presentation of the case on its merits; and (2) withdrawal "would not prejudice the party that obtained the admissions in its presentation of the case." *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001). Importantly, "[e]ven when these two factors are established, a district court still has discretion to deny a request for leave to withdraw or amend an admission." *Id.* The "court acts within its discretion in considering the fault of the party seeking withdrawal." *Le v. Cheesecake Factory*, 2007 WL 715260, at *2 (5th Cir. Mar. 6, 2007) (citing *Pickens v. Equitable Life Assurance Soc.*, 413 F.2d 1390, 1394 (5th Cir. 1969)).

### B.     There is No Error of Law

Plaintiffs incorrectly assert that the Magistrate Judge erroneously assigned Plaintiffs with the burden of providing that Defendants would not be prejudiced by the withdrawal of their deemed admissions. Plaintiffs are wrong for multiple reasons, including: (1) there is no controlling authority holding that a defendant carries any burden with respect to a motion to withdraw deemed admissions; (2) in the alternative, even if there is controlling authority placing a burden on Defendants, any error in applying such a rule constitutes "invited error" because Plaintiffs affirmatively assumed the burden of proof; and (3) in the further alternative, error of law on this point, if any, was harmless because Defendants unequivocally made the requisite showing of prejudice and the Magistrate Judge did not make a clear error by crediting Defendants' showing on that point.

First, there is no controlling authority assigning any burden to a non-moving party on a motion to withdraw deemed admissions. Plaintiffs cite *Le*, 2007 WL 715260 at *2-3, which is an unpublished and non-precedential decision and, hence, is only persuasive authority. Furthermore, Plaintiffs cite no controlling authority for the proposition that any part of the burden belongs to the non-moving party. The Magistrate Judge could not have made a conclusion that was "contrary to law" if there is no controlling law governing the question. *See, e.g., Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005) (holding that the magistrate judge made no error of law in assigning burden of establishing "irrelevance" to the party opposing discovery, where the case law advocating the opposite approach was "not controlling in this circuit"); *James v. Life Ins. Co. of N. Am.*, 2015 WL 4126580 (N.D. Tex. July 15, 2015) (affirming magistrate judge's order and noting that the defendants "do not submit a controlling case" on a legal issue argued as error).

Second, Plaintiffs cannot be heard to complain now that the Magistrate Judge assigned them a burden with respect to their motion, inasmuch as Plaintiffs' counsel conceded at oral argument (as shown below) that the burden was entirely theirs and, thus, invited the very thing they now claim is error. Thus, assuming for the sake of argument only that controlling law does place a burden on the non-moving party, any error in that regard is not reversible because the error (if any) was invited by Plaintiffs.

> THE COURT: All right. Who has the burden on both elements of the Rule 36 test?
>
> MS. IBIRONKE: We do, Your Honor.
>
> THE COURT: All right. And I ask because there is -- the rule is not clear on the second prong. The Cheesecake Factory case that you cited me appears to put the burden on the moving party, but there's other case law that says that the party who

obtained the admission has the burden to show prejudice, and that's why I ask. But you're -- you've told me that you believe Plaintiffs have the burden here.[5]

Third, even if there was an error and it was not invited, the error was harmless because Defendants easily made a demonstration of prejudice that would be suffered as a result of permitting Plaintiffs to withdraw their deemed admissions, and the Court articulated that the "prejudice" element was established without regard to whether it was Plaintiffs' burden or Defendants' burden:

> THE COURT: So there's no basis on the second issue to set aside or extend discovery as to those people. But with the ones who have answered untimely, I think you're required to make a more specific showing than what you've made, and just to generally argue that it goes to the merits of the case is not enough. I don't find that it's case-dispositive. While it may hurt each individual Plaintiff's case somehow, I'm left to guess that it will hurt them, because they're grouped together. **Regardless of who has the burden on the prejudice prong, and I think there is a prejudice because decisions are made as to how to proceed with discovery.** It looks like the parties have decided to do their written discovery before depositions. That's not unusual and that is something that happens very frequently. And if we have to go back and start over with the written discovery, that pushes back the depositions. So the timing of the motion I think is something that says a lot here. And I started with the last prong -- with the presumption that the prongs have been met because fault here is I think something very hard to overcome.[6]

Nowhere in the Magistrate's Order or the transcript of the hearing did she indicate that Defendants prevailed merely because Plaintiffs failed to meet "their burden." To the contrary, the record indicates that the Court found that the burden was met, no matter which party the "burden" rested upon.

Finally, even if Plaintiffs could show that both prongs of Rule 36(a) were met, they cannot escape the fact that "the court is not required to make an exception to Rule 36 even if both the merits and the prejudice issues cut in favor of the party seeking exception to the rule."

---

[5] *See* Pltf's APP 003, Hrg. Tr. 3:5-14.
[6] *See* Pltf's APP 048-49, Hrg. Tr. 48:20-49:13.

*In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001) (quoting *Donovan v. Carls Drug Co., Inc.*, 703 F.2d 650, 652 (2d Cir. 1983)). For the avoidance of doubt, the Fifth Circuit has "determined that a court acts within its discretion in considering the fault of the party seeking withdrawal or its diligence in seeking withdrawal." *Id.* (citing *Pickens v. Equitable Life Assurance Soc.*, 413 F.2d 1390, 1394 (5th Cir. 1969). As Plaintiffs acknowledge, the Magistrate Judge considered Plaintiffs' fault in the context of their motion to withdraw deemed admissions:

> COURT: I appreciate that you want to go back to the two-part test, and you've spent a lot of time arguing the two-part test. And we'll get there. But ultimately, even if I assume that you've met it, don't I still have to look at or aren't I still entitled to look at the fault of the party, not just when they're moving? I have real concerns here about the Plaintiffs being placed on notice back in January and not doing anything about it, and then arguing affirmatively in a filing to the Court that they have everything they need because they've got deemed admissions, and then subsequently coming back to say, no, wait a minute, we didn't mean it.[7]

In short, there was no error of law, and the assignment of the burden is irrelevant to the challenged Order in any event.

### C. There is No Clearly Erroneous Factual Finding

#### 1. The Court properly credited Defendants' evidence and arguments that withdrawal of deemed admissions would act to unfairly prejudice Defendants.

The Magistrate Judge found that Defendants would be prejudiced by the withdrawal of deemed admissions and considered Plaintiffs' fault with respect to that, and her factual findings were amply supported by the record.

First, Defendants showed that they had notified Plaintiffs' counsel three months prior to the Plaintiffs' filing of their motion to withdraw deemed admissions that Defendants intended to rely on those admissions, and further asked whether Plaintiffs would seek withdrawal; yet,

---

[7] *See* Pltf's APP 023, Hrg. Tr. 23:14-24.

Plaintiffs made no response or attempt to undertake a withdrawal of deemed admissions thereafter.[8] Under such circumstances, case law supports a court's finding that withdrawal of deemed admissions was improper. *See Employment Opportunity Comm'n v. Jordan Graphics, Inc.*, 135 F.R.D. 126, 128-29 (W.D.N.C.1991) (refusing to allow withdrawal where plaintiff had notified defendant of its intention to consider unanswered requests to be conceded, defendant still failed to seek withdrawal of admissions for five months).

Second, Defendants also presented the Court with Plaintiffs' own statements made in court filings—weeks after Defendants' January 2016 letter to Plaintiffs' counsel raising questions about the deemed admissions, but still two months before the motion to withdraw them—wherein Plaintiffs argued to the Court that Defendants did not need further discovery and a continuance should be denied, in part, because of the admissions that had been deemed:

> "Defendants contend that any admission question not timely answered are deemed admitted, so it begs the question why they would need 4 months of discovery when they can make their case with what they currently have."[9]

Third, Defendants also have compelling reasons why they would be unfairly disadvantaged by the withdrawal of deemed admissions on multiple fronts in discovery: (1) Defendants had made and executed upon strategic decisions about which of their very limited number of depositions would be utilized in consideration of the fact that many members of the class had admitted facts that would preclude the need to take their depositions; and (2) Defendants had avoided seeking to compel non-evasive answers to interrogatories propounded four to six months ago, because those answers were unnecessary in light of the facts deemed to

---

[8] *See* Parties' Joint Submission, Dkt. No. 448 at 28.
[9] *See* Parties' Joint Submission, Dkt. No. 448 at 10 (citing remarks made by Plaintiffs in Plaintiff's Response to Defendants' Motion for Continuance, Dkt. No. 394 at 14).

be conclusively admitted.[10] "When a party directs its resources, fiscal, physical and otherwise, to those issues it reasonably believes are the only ones left to be resolved […withdrawal of deemed admissions] should only be allowed upon a showing that the Rule 36(b) test is met by clear and convincing evidence." *Branch Banking & Trust Co. v. Deutz-Allis Corp.*, 120 F.R.D. 655, 659 (E.D.N.C. 1988) (determining that prejudice would result from withdrawal, even though discovery had been extended past original scheduled deadline). Indeed, the Court not only concluded that there was prejudice, but observed that Plaintiffs' actions (and/or lack of timely actions), were at the center of that prejudice:

> THE COURT: Regardless of who has the burden on the prejudice prong, and I think there is a prejudice because decisions are made as to how to proceed with discovery. It looks like the parties have decided to do their written discovery before depositions. That's not unusual and that is something that happens very frequently. And if we have to go back and start over with the written discovery, that pushes back the depositions. So the timing of the motion I think is something that says a lot here.[11]
>
> THE COURT: When the other side has specifically placed you on notice as to the untimeliness of three sets of discovery already and what the position is and have asked for notice so that they can plan accordingly, and you don't respond, and you argue otherwise in a response to a motion for continuance, I think you almost created the prejudice here. And waiting until just before the depositions doesn't cure that.[12]

The Magistrate Judge's finding that Defendants would be prejudiced by the withdrawal of deemed admissions is supported and cannot be construed as clearly erroneous.

---

[10] *See* Parties' Joint Submission, Dkt. No. 448 at 25-27.
[11] Pltf's APP 049, Hrg. Tr. 49:3-10.
[12] Pltf's APP 049, Hrg. Tr. 49:15-22.

> 2. **The Court properly found that Plaintiffs had presented no evidence excusing each individual's failure to timely answer requests for admissions.**

The Court gave proper consideration to the fact that, despite Plaintiffs' request to withdraw deemed admissions on behalf of 43 different individuals, Plaintiffs did not submit a single admissible statement from any of them providing an explanation or showing some cause for their failure to respond to discovery. While Plaintiffs' counsel did argue that one person was busy dealing with issues surrounding the death of a spouse and another had a father in the hospital for several months, those statements are ambiguous hearsay at best, and Plaintiffs failed to provide a declaration or affidavit from any of the 43 individuals. The Court took notice of this:

> THE COURT: There's argument in here. I don't have any evidence before me that says this is why he or she didn't stay in contact with his or her attorneys and didn't communicate with them or why you weren't able to find them.
>
> MS. IBIRONKE: The declaration --
>
> THE COURT: What I have here --
>
> MS. IBIRONKE: Sorry, Your Honor. Go ahead.
>
> THE COURT: -- across the board is untimely answers. And I don't see anything with regard to a specific individual. You named them in your joint admission.[13]

> 3. **Plaintiffs have not demonstrated an inability to present the merits of their case unless deemed admissions are withdrawn.**

Although Plaintiffs have argued that the deemed admissions at issue hurt their case, the have not, and cannot, demonstrate how any deemed admission is case dispositive, even as to these individuals. Moreover, the Court has broad discretion to deny Plaintiffs' request to withdraw deemed admissions even if case dispositive motions were at issue. *See, e.g., Curtis v. State Farm Lloyds*, 2004 WL 1621700, at *6 (S.D. Tex. Apr. 29, 2004) (denying withdrawal of

---

[13] *See* Pltf's APP 050, Hrg. Tr. 50:7-16.

case-dispositive admissions because "plaintiffs have not come forth with sufficient reason for their failure timely to respond" to the requests for admission). Plaintiffs have never articulated how the presentation of the merits of their case would be served by withdrawal of any of the deemed admissions at issue in this motion. Specifically, Plaintiffs cannot show—beyond very broad conclusions and generalities about the group as a whole—how the answers of any given individual would change, and the merits of their claims would thereby be served, if the deemed admissions were withdrawn. The Magistrate Judge was provided with a clear explanation as to how Plaintiffs' claims would not be disposed of in their entirety—either on an individual basis, or a collective one—as a result of the admissions deemed:

> MR. ELLIOTT: … none of these individual requests for admissions constitutes a case dispositive issue. None of them are we win, they lose. They're factual questions seeking individual personal knowledge. Request for #4 asks about personal knowledge about improper tip pools. If they admit that they have no such knowledge, then that's not something that we need to explore but it's not case-dispositive. If someone received no instruction to work off the clock, as is requested in #5, that doesn't mean that they didn't work off the clock… I don't think that there is anything in the requests for admissions that, if deemed, would destroy their case on an individual basis or on a class-wide basis. It may factually hurt them with some of their various positions and arguments, but I think the case law is fairly consistent that what's important is, you know, are these admissions going to end the case, and they're not.[14]

Notwithstanding, even if Plaintiffs are correct that the merits of their claims would be served by the withdrawal of their admissions, that fact is be of no importance for two reasons: (1) the "merits of the case" is only one part of a two-prong conjunctive test where the prong—lack of prejudice to Defendants—has not be met; and (2) even if Plaintiffs met both prongs of the test, it would still not deprive the Magistrate Judge of her discretion to deny Plaintiffs' request to

---

[14] *See* Pltf's APP 045-46, Hrg. Tr. 45:12-46:16.

131375171.1                                                  -13-

withdraw the deemed admissions, upon consideration of Plaintiffs' fault, and the lack of evidence supporting Plaintiffs' request. *In re Carney*, 258 F.3d at 419.

D. **The Court's Refusal to Retroactively Nullify Written Discovery Served to Opt-In Plaintiffs Was Not an Abuse of Discretion**

As part of Plaintiffs' Motion to withdraw deemed admissions, they asked the Court to retroactively nullify sets of requests for admissions served to ten Opt-Ins who have answered discovery in any manner—a group Plaintiffs have termed "Unreached Plaintiffs" because they have not responded to attempts by counsel to contact them. Plaintiffs asked, in essence, to allow these 10 Opt-In Plaintiffs to withdraw their deemed admissions without satisfying any of the requirements under Rule 36. Plaintiffs did not provide Magistrate Judge with any legal authority for such a procedure, nor do they now offer any explanation on appeal as to how such an order could have been entered, much less that how the Magistrate Judge's failure to do so was contrary to law. Contrary to Plaintiffs' argument that the Magistrate Judge "failed to address" this request, it is quite clear that the request was addressed in her Order, which denied all relief Plaintiffs sought.

WHEREFORE, Defendants respectfully request the Court to affirm the Magistrate Judge's Order in all respects.

Respectfully submitted,

*/s/ Ann Marie Painter*
Ann Marie Painter
State Bar No. 00784715
ampainter@perkinscoie.com
Jason R. Elliott
State Bar No. 24050558
jelliott@perkinscoie.com

**PERKINS COIE LLP**
500 N. Akard St., Suite 3300
Dallas, Texas  75201
Telephone:  214.965.7700
Facsimile:  214.965.7773

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been served upon all counsel of record via the Court's CM/ECF system, on June 23, 2016, as follows:

Caroline Ibironke
Rhoda P. Appiah-Boateng
AI Legal Group, PLLC
6060 N. Central Expressway Suite 560
Dallas, Texas 75206
caroline@ailegalgroup.com
Rhoda@ailegalgroup.com

 */s/ Ann Marie Painter*
Ann Marie Painter