**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JAVIER GOMEZ, et al.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:14-CV-2934-L** |
| | § | |
| **MI COCINA LTD, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the *Order of Reference* dated May 12, 2016 (doc. 452), before the Court for recommendation are *Defendants' Motion for Partial Summary Judgment as to Time-Barred Claims of Opt-ins*, filed December 4, 2015, (doc. 346) and *Plaintiffs' Cross Motion for Equitable Tolling of the Statute of Limitations for Opt-in Plaintiffs*, filed January 11, 2016 (doc. 373). Based on the relevant filings, evidence, and applicable law, the defendants' motion for partial summary judgment should be **GRANTED in part** and **DENIED in part**, and the plaintiffs' cross motion for equitable tolling should be **DENIED**.

## I. BACKGROUND

On August 15, 2014, Javier Gomez, Alfredo Huerta, Daniel Bobadilla, Uriel Rodriguez, and Daniel Merino filed this collective action on behalf of themselves and all similarly situated employees (collectively Plaintiffs) alleging violations of the Fair Labor Standards Act (FLSA). (Doc. 2 at 2-9.)[1] They name as defendants: (1) Mi Cocina Ltd., doing business as Mi Cocina, Taco Fanatico, and M Crowd Restaurant Group; (2) M Crowd GP, LLC; and (3) M Crowd Restaurant Group, Inc., doing

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

business as Mi Cocina, Taco Diner, and The Mercury (collectively Defendants). (*Id*.)

The five named Plaintiffs reside in Dallas, Texas, and each was a tipped waiter earning $2.13 per hour plus tips at a Mi Cocina restaurant in Dallas. (Doc. 61 at 2.) Their "primary job duties were those of a non-exempt employee under the FLSA." (*Id*. at 4.) Plaintiffs allege that each of the defendants is an "employer" to them and "other potential plaintiffs within the meaning of 29 U.S.C. § 203(d) and are individually or collectively an 'enterprise' within the meaning of 29 U.S.C. § 203(r)." (*Id*. at 4.) They claim that Defendants: (1) did not pay them for all hours worked; (2) did not pay them overtime pay for hours worked in excess of forty hours per week; (3) required them to work during their breaks; (4) required them and other tipped employees to work off the clock or for $2.13 per hour "to do deep cleaning outside of their normal responsibilities;" (4) deducted cash from earned tips to cover non-paying customers, broken items, or register shortages; (5) required "waiters/waitresses, bus [staff], hostesses, and bartenders to participate in a tip pool;" (6) withheld a percentage of credit card tips to cover transaction costs charged by credit card companies; (7) required waitresses and waiters to contribute 3% of their tips to a tip pool that was distributed to bartenders, bus staff, and hostesses; (8) required a portion of tips to be paid to management and other ineligible employees; and (9) failed to inform them that Defendants intended to take a "tip credit." (*See id*. at 4-6.)

On March 4, 2015, the Court conditionally certified Plaintiffs as a class consisting of waiters and waitresses (including cocktail servers), hostesses, bus staff, and bartenders who were employed at Defendants' restaurants between August 15, 2011, and the present. (Doc. 123 at 9.) The parties were also ordered to submit a proposed notice for informing potential class members about the action. *(Id.* at 10-11.) Defendants filed objections to Plaintiffs' proposed notice language, including an objection that the time period in the notice applied to potential plaintiffs whose claims would be precluded by

the statute of limitations. (Doc. 147.) The Court deferred ruling on this objection by explaining that "[i]f Defendants' statute of limitations concerns are realized, the Court will take appropriate action." (*Id.* at 6-7.)

The potential plaintiffs received notice, and several elected to opt-in to the current action by filing a signed Notice of Consent to Join Collective Action (consent form) that included name, contact information, date of hire, and restaurant. (Doc. 346 at 2-11.) Several of the opt-in Plaintiffs were employed and worked at times in both a tipped position, *i.e.* server, bartender, hostess, cocktail server, or busperson, and a non-tipped position, *i.e.* cook, dishwasher, or cleaner. (*See* doc. 391.) The conditional certification and current FLSA claims applies only to tipped positions.

On December 4, 2015, Defendants filed a motion for partial summary judgment, alleging that the claims of at least fifty-five of the opt-in Plaintiffs[2] are barred by the FLSA's statute of limitations. (Doc. 346 at 1.) After obtaining an extension of time to file a response, Plaintiffs filed a response and a cross motion for equitable tolling of the statute of limitations on January 11, 2016. (Docs. 350, 373, 374.) Defendants filed a reply on January 19, 2016 (doc. 375), and after obtaining leave to file a supplemental declaration in support of their motion for partial summary judgment on February 19, 2016, they filed a supplemental declaration that included additional payroll records. (Docs. 390, 391.) Plaintiffs received leave to file a sur-reply and ultimately filed it on March 15, 2016. (Docs. 390, 409, 410, 416.)

---

[2] These opt-in Plaintiffs are Kathy Alexander, Sean Altman, Jose Alvarez, Carlos Anzorena, Eric Barrientos, Victor Barrios, Suzie Bouffard, Lowlan Breaux, Charles Caldwell, Dennis Campos, Jayson Carter, Juan Contreras, Caleb Crossman, Dillan Dimas, Iliana Flores, Raymundo Gaytan, Ignacio (Leonel) Gomez, Eric Gonzalez, Giancarlo Gonzalez, Whitney Graves, Sean Greppi, Nicole Lynn Guadagno, Alejandro Gutierrez-Franco, Humberto Hernandez, Blaine Jones, Taylor Jones, Margon Keshtnar, Juan Manuel Lozano, Luis Lugo, Irma Martinez, Julio Martinez, Rhianna Martinez, Jeremy Moody, Tommie Morrow, Jr., Ivan Noriega, Antonio Ulloa Olivas, Lauren Alexis Oliveira, Javier Olvera, Gerardo Ortiz, Michael Patel, Tiffany Pemberton, Jamielynn Puniwai-Kujawa, Tawnie Reed, Latisha Rettig, Hugo Romero, Richard Russo, Ramon Sabillon, Marissa Sanchez, Randy Alberto Smith, Gracie Stevens, Maria Stevens, Heather Toombs, David Toribio, Chase (Ryan) Travis, and Jamie Turner.

## II. EVIDENTIARY OBJECTIONS

Defendants object to Plaintiffs' consent forms, and Plaintiffs object to Defendants' Declaration of Bill Stroud (Stroud), which purports to contain the time, attendance, and payroll records of the relevant opt-in Plaintiffs.

### A.   Consent Forms

Defendants object to Plaintiffs' use of the consent forms as unsworn, out-of-court hearsay statements. (Doc. 378 at 18.) Plaintiffs respond by arguing that the consent forms function as pleadings that do not require verification of the allegations contained within. (Doc. 373 at 8.)[3]

Hearsay is a statement that "the declarant does not make while testifying at the current trial or hearing [that] a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). "Hearsay is not admissible unless any of the following provides otherwise: a federal statute; these [Federal Rules of Evidence]; or other rules prescribed by the Supreme Court." Fed. R. Evid. 802. "Unauthenticated documents are improper as summary judgment evidence." *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).

The allegations within the consent forms are unsworn and were not made under the penalty of perjury. They now attempt to use these unsworn allegations as controverting evidence to prove the hire date of certain opt-in Plaintiffs, even though they had the opportunity, but failed, to provide a sworn statement from these individuals about this issue. (*See* docs. 373, 416.) Defendants have met

---

[3]A collective action under the FLSA requires that "[n]o employee shall be a party plaintiff [] unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). Under Fifth Circuit precedent, "little more is needed [in a notice of consent] than a statement indicating intent to participate and a signature." *Vanzzini v. Action Meat Distribs., Inc.*, 995 F. Supp. 2d 703, 718 (S.D. Tex. 2014) (citing *Montalvo v. Tower Life Bldg.*, 426 F.2d 1135, 1148-49 (5th Cir. 1970)). Here, each consent form includes specific personal information about the opt-in Plaintiff, including address, telephone number, e-mail address, location of Defendants' restaurant in which they worked, and their date of hire, all of which had to be signed by the respective opt-in Plaintiff.

their burden to show that the unsworn consent forms are inadmissible hearsay, while Plaintiffs fail to meet their burden to show that an exception to the hearsay rule applies. *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987) (holding that "[u]nsworn documents are . . . not appropriate for consideration").

Defendants' hearsay objection is **sustained** and the consent forms will not be considered.[4]

## B.      Stroud's Declaration

Plaintiffs object to Stroud's Declaration as inadmissible hearsay and for lack of personal knowledge, authentication, and relevancy. (Doc. 373 at 5-7.)  Their objections are based upon alleged contradictions between the Declaration and the attached business records.

### 1.      Hearsay

Plaintiffs allege that Stroud's Declaration does not qualify under the business records exception in Federal Rule of Evidence 803(6) because "the source of the information it relies on [namely the business payroll and time records] lacks trustworthiness." (Doc. 373 at 5.)

The exception to hearsay as a record of a regularly conducted activity is found Rule 803(6):

A record of an act, event, condition, opinion, or diagnosis [is not excluded as hearsay] if:

(A) the record was made at or near the time by–or from information transmitted by–someone with knowledge;
(B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
(C) making the record was a regular practice of that activity;
(D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or

---

[4]Plaintiffs argue in the alternative that if the consent forms are stricken as hearsay, these forms may not be used to determine timeliness under the statute of limitations. (Doc. 373 at 8.)  Plaintiffs are attempting to prove the truth of the matter asserted in them, namely the date of hire, while Defendants are only pointing to the dates that they were filed with the Court, and not the substance of the forms. There are no hearsay implications in considering the date of filing. Fed. R. Evid. 801(c).

with a statute permitting certification; and
(E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6). The proponent of hearsay bears the burden of demonstrating that an exception to the hearsay rule applies. *Broad. Music, Inc. v. Tex Border Mgmt., Inc*., No. 3:10-CV-2524-BH, 2012 WL 4119111, at *4 (N.D. Tex. Sept. 18, 2012) (once a party properly makes a hearsay objection, the burden shifts to the proponent of evidence to show by a preponderance of the evidence that the evidence falls within an exclusion or exception to the hearsay rule).

First, Plaintiffs argue that Stroud's Declaration is untrustworthy because of its inconsistency with the self-reported information in the consent forms for Luis Lugo, Sean Greppi, Eric Barrientos, and Ramon Sabillon. As discussed, these consent forms are unsworn allegations that were not made under the penalty of perjury, so they will not be considered as competent summary judgment evidence that creates a fact issue. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). They are not competent to show that these opt-in Plaintiffs were hired or re-hired at a later date or to contradict or show the untrustworthiness of Stroud's Declaration.

Second, Plaintiffs offer an application for employment from Rhianna Martinez (Martinez) that is signed and dated October 11, 2012, while Stroud's Declaration has her last payday as a tipped employee on June 28, 2012. (Doc. 391 at 36.) They argue that this creates a trustworthiness issue because she might have been rehired and worked in a tipped capacity, but they provide no evidence that she was actually hired by any of Defendants' other restaurant locations. This application, which is unsworn, unauthenticated, and would still place her outside of the three year statute of limitations, does not show the untrustworthiness of Stroud's Declaration.

Third, Plaintiffs argue that the Declaration is untrustworthy because Juan Lozano's (Lozano's)

2012 W-2 form from his time at Mi Cocina says he received $63,375.58 as a year-to-date amount as a bus boy in Defendants' restaurants but the payroll record in the Declaration says that he received $540.43 as his gross year-to-date amount. (Docs. 416-4, 391 at 32.) The alleged W-2 is unlabeled or dated, except for a handwritten note that says "#2012" in the upper left corner of the document. (*See* doc. 416-4.) None of the amounts are identified as being year-to-date gross pay, or even as being money amounts in American dollars. It also has figures of "10365.26," "2661.69," "918.98," and "407.24," all of which are unlabelled. *Id.* This document is not sufficient to show that Stroud's Declaration is untrustworthy.

Fourth, Plaintiffs offer attendance and payroll records of four opt-in Plaintiffs that allegedly contradict Stroud's Declaration and show it to be untrustworthy. Defendants' attendance records list Maria Stevens's (Stevens's) last day as July 27, 2012, but Plaintiffs provide an additional attendance record showing she worked on August 1, 2012, from 12:00 p.m. to 12:01 p.m. as a hostess.  (Doc. 416-6.) This inconsistency is not material to the statute of limitations issue because Defendants provide a payroll record that lists Stevens's last payday in a tipped position as August 10, 2012, which is nine days after the alleged inconsistency. (Doc. 391 at 55.)  Next, Plaintiffs point to Defendants' payroll record that lists Sean Altman's (Altman's) last pay date as August 26, 2011, with him working for 20.76 hours in a tipped position, (doc. 391 at 6), which differs from attendance records which show him working only 5.93 hours in a tipped position during that pay period, (doc. 373-4). This is also not a material inconsistency because it does not extend the relevant date for determining timeliness under the statute of limitations past August 26, 2011, and Plaintiffs have not provided any testimony or other evidence that would extend this date. Plaintiffs provide an additional payroll record that lists Antonio Ulloa  Olivas's (Olivas's) last payday as September 21, 2012, and not on April 6, 2012, as alleged in

Stroud's Declaration. (*See* docs. 373-6,  391 at 40.) The payroll record does not list him as being paid in a tipped capacity, but only for the untipped position of dishwasher, so Plaintiffs have not provided any evidence of an inconsistency that his last payday in a tipped position was later than April 6, 2012. *Id.* Plaintiffs provide a payroll record that lists Jose Alvarez's (Alvarez's) last payday as December 14, 2012, and not May 18, 2012, as alleged in Stroud's Declaration. (*See* docs. 373-7, 391 at 7.) The payroll record does not list him as being paid in a tipped capacity, but only for the untipped position of cook, so Plaintiffs have not provided any evidence of an inconsistency that his last payday in a tipped position was later than May 18, 2012. *Id.* Plaintiffs also submit Alvarez's personnel file that allegedly shows that he worked for Defendants in a tipped capacity "from August 2010 through August 2015." (Doc. 416 at 4.) The first page of the personnel file shows the date of August 28, 2015, but the attached documents were all actually dated and signed by Alvarez between November 1, 2007, and August 3, 2010. (Doc. 416-2 at 2-23.)  None of these documents show that he was employed in a tipped capacity in 2015. *Id.* This evidence also does not show Stroud's Declaration to be untrustworthy.

Plaintiffs' next argument is that Defendants failed to produce the proper payroll records, *i.e.* the busboy and not the dishwasher records, for Hugo Romero (Romero). Defendants did fail to provide the final pay stub for Romero's work in a tipped position; they only  provided his payroll record for time worked in the untipped dishwasher position. (Doc. 391 at 49.) While Defendants may not have met their burden to prove that Romero's claims are outside the statute of limitations, this is not evidence that Stroud's Declaration is untrustworthy.

Plaintiffs' final argument is that the Declaration is untrustworthy because Defendants "amended their arguments" when they conceded that five of the original fifty-five opt-in Plaintiffs

have at least one timely claim after they supplemented it with additional payroll records. This appears to be a good faith concession that they improperly calculated the length of time for each of these five opt-in Plaintiffs rather than an amendment, and it shows that the remaining records are brought in good faith and not wholly untrustworthy as to be entirely excluded. *See La Day v. Catalyst Tech., Inc.*, 302 F.3d 474, 481 n. 7 (5th Cir. 2002) (finding a written note as trustworthy under 803(6) because the author "surely had an incentive to alter his notes . . . rather than to accentuate it" which "reinforces [the] conclusion that [the author] acted in good faith and that the records he kept are trustworthy").

Throughout the nearly three hundred pages of attendance and payroll records submitted by Defendants, Plaintiffs were able to identify a handful of minor inconsistencies that do not materially affect the outcome on the statute of limitations defense. These issues, though they may be sufficient to raise a fact issue as to the individual opt-in Plaintiffs, do not create the indicia of untrustworthiness as to require exclusion of the entire Declaration or to find that the supplemental declaration is a "sham affidavit." *See Powell v. Dallas Morning News L.P.*, 776 F. Supp. 2d 240, 246-47 (explaining that a sham affidavit is one that directly conflicts with previous testimony). The mere possibility of an inconsistency is not evidence of untrustworthiness because "[s]o long as the accuracy and reliability of records sought to be introduced in evidence have been tested by the fact that a business concern carries on its own affairs from day to day in reliance upon such records, there is no departure from the standards of accuracy and trustworthiness that were basic in the historic rule permitting testimony from the shop book or book of account." *United States v. Towns*, 718 F.3d 404, 417 (5th Cir. 2013) (citations omitted); *see also Brauninger v. Motes*, 260 F. App'x 634, 638 (5th Cir. 2007) (explaining that "although [the party] frames the report as an *ex post facto* attempt to justify a firing decision, we

do not agree that the timing of the report undermines its trustworthiness"); *see also United States v. Williams*, 205 F.3d 23, 34 (2d Cir. 2000) (citations omitted) (holding that "[r]ule 803(6) favors the admission of evidence rather than its exclusion if it has any probative value at all").

Defendants have met their burden to show that the source of information of Stroud's Declaration does not indicate a lack of trustworthiness as a record of a regularly conducted activity under the hearsay exception in Rule 803(6).  Plaintiffs' hearsay objection is **overruled**.

### 2.     Lack of Personal Knowledge

Plaintiffs argue that Stroud lacks personal knowledge to make his Declaration because the time and payroll records upon which he relied are untrustworthy and contradictory. (Doc. 416 at 3.)

Rule 56(c) provides in relevant part that an "affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Evid. 56(c)(4). Rule 602 of the Federal Rules of Evidence elaborates on this by explaining that "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. Personal knowledge may be proved by a witness's or an affiant's own testimony, or reasonably inferred from his position or the nature of his participation in the matters to which he swears. *See id.*; *Am. Motorist Ins. Co. v. Southcrest Constr. Inc.*, No. 3:04-CV-2575-M, 2006 WL 995202, *9 (N.D. Tex. April 17, 2006) (citing *DIRECTV v. Budden*, 420 F.3d 521, 529-30 (5th Cir. 2005)). It may include inferences and opinions so long as they are grounded in personal observation and experience. *See United States v. Cantu*, 167 F.3d 198, 204 (5th Cir. 1999).

The Fifth Circuit has held that the testimony of a record custodian or "other qualified witness"

is sufficient to lay the foundation for a business record. *United States v. Brown*, 553 F.3d 768, 792 (5th Cir. 2008). "There is no requirement that the witness who lays the foundation be the author of the record or be able to personally attest to its accuracy." *Id.* at 792 (citation and internal quotation marks omitted). "A qualified witness" is simply "one who can explain the record keeping system of the organization and vouch that the requirements of Rule 803(6) are met." *Id.* (quotations omitted) (explaining that a proper foundation is laid for business records simply by an affidavit that attests to the requisite elements of FRE 803(6)). The inquiry focuses on whether "the witness's testimony [is] sufficient to support the document's reliability." *Albright v. IBM Lender Bus. Process Servs., Inc.*, No. 4:11-CV-1045, 2013 WL 1089053, at *2 (S.D. Tex. Mar. 14, 2013) (citing *Travland v. Ector Cnty., Texas*, 39 F.3d 319, at *4 (5th Cir. 1994) (per curiam)).

Here, Plaintiffs allege that Stroud "failed to review [the opt-in Plaintiffs'] payroll records" when providing his statement and instead "played guessing games" as to the relevant final paydays. (Doc. 373 at 7.) Stroud alleges in both his original and supplemental Declaration that he is the Chief Financial Officer for all named Defendants and has knowledge of and access to the payroll and attendance records for all current and former employees. (Docs. 346-1 at 2, 391 at 1.) They both also allege that the time, attendance, and payroll records were all "made by a regularly conducted business activity . . . kept in the regular course of that business," that it was the regular practice of that business to make these records, and they were all made by a person with knowledge or from information transmitted by a person with knowledge. (Docs. 346-1 at 3, 391 at 2.) Based upon Stroud's position with Defendants and his familiarity with the details of the case, he has the requisite personal knowledge to make the affidavit statements at issue. *See Lee v. Metrocare Servs.*, 980 F. Supp. 2d 754, 763 (N.D. Tex. 2013). Plaintiffs' personal knowledge objection is **overruled**.

11

### 3.      __Authentication__

Plaintiffs object that Defendants have not authenticated Stroud's Declaration because they failed to lay a foundation and attach all necessary business records upon which it is based.

Under Rule 901(a), authentication or identification is a condition precedent to admissibility. Rule 901 does not require conclusive proof of authenticity; it merely requires some evidence sufficient to support a finding that the evidence in question is what the proponent claims it to be. *United States v. Arce*, 997 F.2d 1123, 1128 (5th Cir. 1993). Some types of evidence are self-authenticating and require no extrinsic foundation for admission.  *McIntosh v. Partridge*, 540 F.3d 315, 322 n.6 (5th Cir. 2008).  Federal Rule of Evidence 902(11) explains that a document is self-authenticated and requires no extrinsic evidence of authenticity if:

> The original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court. Fed. R. Evid. 902(11).

Stroud's Declaration attaches over two hundred pages of employment records for the relevant employees that includes information about the particular restaurant, fiscal week, job code, work date, in/out time, and regular/overtime hours for these individuals. (Doc. 346-1 at 6-208). Defendants were granted leave to supplement this Declaration with over fifty additional pages of payroll records after Plaintiffs objected to their non-inclusion. (Doc. 391.) Plaintiffs continue to argue in their sur-reply that "Defendants have still failed to attach the time and attendance records" and that the provided records are "unreliable [and] untrustworthy." (Doc. 416 at 3.) The Declaration and attached records have been found to be trustworthy and proper under Rule 803(6), so Stroud's Declaration is self-authenticated under Rule 902(11). Plaintiffs' authentication objection is **overruled**.

**4.**     **Relevancy**

Plaintiffs object that Stroud's Declaration is not relevant because it is based on inaccurate time, attendance, and business records.

Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and that the fact is of consequence in determining the action. Fed. R. Evid. 401. Relevant evidence is admissible unless any of the following provides otherwise: "the United States Constitution; a federal statute; these rules; or other rules prescribed by the Supreme Court." *United States v. Perez-Solis*, 709 F.3d 453, 464 (5th Cir. 2013) (citing Fed. R. Evid. 402). Irrelevant evidence is not admissible. *Id.* Rule 402 functions as a liberal, baseline standard of relevance for all testimony. *United States v. Waldrip*, 981 F.2d 799, 806 (5th Cir. 1993). This standard grants district courts "broad discretion in ruling on questions of relevancy." *Id.* (citations omitted). "The burden is on the party opposed to admission of evidence to show a reason for its exclusion." *United States v. D.K.G. Appaloosas, Inc.*, 630 F. Supp. 1540, 1562 (E.D. Tex. 1986).

This objection is based on the fact that the original Declaration included only the time and attendance records and not the payroll records, so they did not show the final date on which the opt-in Plaintiffs were paid in a tipped capacity. (Doc. 373 at 7. ) Defendants were granted leave to supplement their Declaration and business records and added over fifty pages of the payroll records requested by Plaintiffs. (Docs. 390, 391). The Declaration and attached records are relevant to determining timeliness under the statute of limitations and should be admitted. Plaintiffs' relevancy objection is **overruled**.

### III. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the pleadings and evidence on file show that no

genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  *Id.*  The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The pleadings, discovery materials, and affidavits, if any, must demonstrate that no genuine issue of material fact exists.  Fed. R. Civ. P. 56(c).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324.  To carry this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Instead, the non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his favor.  *Anderson*, 477 U.S. at 249.

While all of the evidence must be viewed in a light most favorable to the non-movant, neither conclusory allegations nor unsubstantiated assertions will satisfy the non-movant's summary judgment burden.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim."  *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)

## IV. STATUTE OF LIMITATIONS

Defendants allege that the claims of fifty-five opt-in Plaintiffs are barred by the FLSA's statute of limitations. (Doc. 346 at 2.)

An action under the FLSA must be filed within two years after the cause of action accrued, but a cause of action arising out of a willful violation may be filed within three years of accrual. 29 U.S.C. § 255(a). The statute is silent as to when the cause of action accrues, but the Fifth Circuit has explained that a "cause of action accrues at each regular payday immediately following the work period during which the services were rendered for which the wage or overtime compensation is claimed." *Judy Chou Chiung–Yu Wang v. Prudential Ins. Co. of Am.*, 439 F. App'x. 359, 365 n. 3 (5th Cir. 2011) (quoting *Halferty v. Pulse Drug Co.*, 821 F.2d 261, 271 (5th Cir. 1987), modified on other grounds, 826 F.2d 2 (5th Cir. 1987)); *see also Valcho v. Dallas Cnty. Hosp. Dist.*, 658 F. Supp. 2d 802, 812 n. 7 (N.D. Tex. 2009). Here, the parties agree that the statute of limitations began to run on the final payday of each of the opt-in Plaintiffs for work done in a tipped position. (Docs. 373, 378.)

Section 256 of the FLSA specifies that limitations purposes, the date of commencement of the suit for an opt-in plaintiff is "on the subsequent date on which such written consent is filed in the court". 29 U.S.C. § 256. Plaintiffs argue that the date of commencement of this suit for each opt-in Plaintiff should instead be on the day that his/her consent form was first "received, e-mailed, postmarked, filed, or faxed."[5] (Doc. 373 at 3.) Defendants argue that the determinative date is the day

---

[5] Plaintiffs base their argument on two sections in the notice that say:

You may join this suit or "opt in" by e-mailing the "Notice of Consent" form to become a party plaintiff to info@ailegalgroup.com or by fax at 1-866-496-5041, or by first class mail, on or before (the 75th day following the mailing of this notice) to Plaintiffs' counsel at the address below for AI Legal Group, PLLC. [and]

**Your form must be received (or mailed or postmarked, or faxed) on or before October 17, 2015.**

that the consent form was filed with the Court, citing § 256 of the FLSA.[6]  (Doc. 378 at 9-10.) The

Court previously addressed this issue in its Memorandum Opinion and Order dated March 16, 2016,

which  found that "the date of filing [of the consent form] affects when an FLSA actions commences

for purposes of the applicable statute of limitations for each particular putative plaintiff," and not the

date that the consent form was first received, e-mailed, postmarked, filed, or faxed, so "the filing of

the consent commences the case as to each putative plaintiff."  (Doc. 421 at 6 (citing 29 U.S.C. § 255-

56)); *see also Baldridge v. SBC Commc'ns, Inc.*, No. 5:04-CV-071-J, 2006 WL 832517, at *1 (N.D.

Tex. Mar. 29, 2006) (using the date of filing of opt-in notices with the court as the opt-in plaintiffs'

date of commencement of suit for statute of limitations purposes).

Each opt-in Plaintiff's cause of action began to accrue on his/her final payday in a tipped

position (*i.e.* server, bartender, hostess, cocktail server, or busperson) immediately following the final

work period for Defendants, and the date of commencement of the suit is on the day that his/her

consent form was filed with the Court. If the time between accrual and commencement falls outside

the maximum three-year FLSA limitations period,[7] the opt-in Plaintiff's claims must be dismissed.

---

 (Doc. 373-3 at 6-7) (emphasis in original).

[6]Defendants also point to two other sections in the notice that say:

If you want to join, send in the form sooner rather than later because you can seek minimum wage
and overtime under the FLSA dating back up to three years from the date that form is filed, and
going forward to the end of the lawsuit.[and]
**Unless a Notice of Consent is actually filed with the Court on or before October 17, 2015**, you
will not be permitted to join this case.

(Doc. 373-3 at 7)(emphasis in original).

[7]Defendants do not concede that any alleged FLSA violation was willful, but they use the maximum three-
year statute of limitations for purposes of their summary judgment motion. (Doc. 346 at 2.)

**A.    Lowlan Breaux; Dillan Dimas; Iliana Flores; Jamielynn Puniwai-Kujawa; Marissa Sanchez**

Defendants concede in their reply that five opt-in Plaintiffs have at least one regular payday that is not barred by the three year statute of limitations. (Doc. 378 at 2.) They however do ask for summary judgment on the "claims asserted [by these five opt-in Plaintiffs] for pay periods prior to each individual's final pay period." (*Id.* at 8, 21-22.)  Because they fail to provide any payroll records establishing a prior payday in a tipped position that is outside the maximum three year limitations period and instead provide the payroll records that show only the timely filed claim under the final pay period, Defendants have not met their summary judgment burden. (Doc. 391 at 12, 18, 19, 46, 52.) There is no evidence for these five opt-in Plaintiffs of the date of any payday that would be outside the statute of limitations.[8] Defendants' summary judgment motion should be **DENIED** as to the claims of Lowlan Breaux, Dillan Dimas, Iliana Flores, Jamielynn Puniwai-Kujawa and Marissa Sanchez.

**B.    Eric Barrientos; Sean Greppi; Luis Lugo; Ramon Sabillon**

To meet their summary judgment burden for these four opt-in Plaintiffs, Defendants point to evidence showing that their consent forms were filed more than three years after their claims accrued. Eric Barrientos's final payday as a tipped employee was December 2, 2011, (doc. 391 at 9), and his consent form was filed on November 4, 2015, (doc. 333-2). Sean Greppi's final payday as a tipped employee was October 5, 2012, (doc. 391 at 25), and his consent form was filed on November 4, 2015, (doc. 332-17). Luis Lugo's final payday as a tipped employee was April 6, 2012, (doc. 391 at 33), and his consent form was filed on October 16, 2015, (doc. 318-18). Ramon Sabillon's final payday as a tipped employee was December 30, 2011, (doc. 391 at 51), and his consent form was filed on October

---

[8] Defendants do include the time and attendance records for these five opt-in Plaintiffs, but these records do not include the dates of any payday. (Doc. 346-1 at 51-55, 67-70, 71-75, 169-72, 188-89.)

2, 2015, (doc. 215). Accordingly, the burden shifts to Plaintiffs to identify a genuine issue of material fact as to whether the consent forms were filed within the three-year limitations period.

Plaintiffs' only controverting evidence for the claims of these four opt-in Plaintiffs is their consent forms that have been previously found to be incompetent summary judgment evidence. They have failed to identify any admissible evidence establishing a genuine issue of material fact as to the timeliness of these opt-in Plaintiffs' claims, and Defendants' motion for summary judgment should be **GRANTED** as to Eric Barrientos, Sean Greppi, Luis Lugo, and Ramon Sabillon.

### C. Sean Altman

To meet their summary judgment burden as to Sean Altman, Defendants identify evidence showing that his final payday as a tipped employee was August 26, 2011, for 20.76 hours, (doc. 391 at 6), and his consent form was filed on October 16, 2015, (doc. 321-8).

Plaintiffs point to attendance records showing that Altman worked only 5.93 hours in a tipped position during that time. (Doc. 373-4.) This evidence does not create a genuine issue of material fact because it does not show that he filed his consent form within three years of August 26, 2011. Accordingly, Defendants' motion for summary judgment should be **GRANTED** as to Sean Altman.

### D. Jose Alvarez

Defendants fulfill their summary judgment burden as to Jose Alvarez by identifying evidence that shows that his final payday as a tipped employee was May 18, 2012, (doc. 391 at 7), and his consent form was filed on September 10, 2015, (doc. 194).

Plaintiffs respond by providing Alvarez's pay stub, dated December 14, 2012, for the non-tipped position of cook. (*See* docs. 373-7.) They argue that it shows that he had the ability to work as a bus boy because the bus boy position was still listed on the pay stub. The pay stub does not show

that he actually worked as tipped employee after May 18, 2012, however. The relevant date is the last payday for tipped positions and not the potential last payday.

Plaintiffs also submit Alvarez's personnel file to show that he worked for Defendants in a tipped capacity "from August 2010 through August 2015." (Doc. 416 at 4.) The first page of the personnel file shows the date of August 28, 2015, but the documents within the file are all actually dated and signed by Alvarez between November 1, 2007, and August 3, 2010, and additionally do not show that he worked in a tipped capacity in 2015. (Doc. 416-2 at 2-23.) Plaintiffs have not met their burden to identify evidence sufficient to create a fact issue as to his final payday in a tipped position. Defendants' motion for summary judgment should be **GRANTED** as to Jose Alvarez.

### E.   Juan Lozano

Defendants fulfill their burden for summary judgment as to Juan Lozano by identifying evidence showing that his final payday as a tipped employee was February 10, 2012, (doc. 391 at 32), and his consent form was filed on October 16, 2015 (doc. 321-11).

Plaintiffs respond by providing Lozano's purported W-2 from his time at Mi Cocina, which they allege significantly differs from the payroll records in Stroud's Declaration. It shows that he received $63,375.58 as a year-to-date amount as a bus boy in Defendants' restaurants, which differs from the $540.43 gross year-to-date amount in the payroll records attached to Stroud's Declaration. (Docs. 416-4, 391 at 32.) The alleged W-2 is wholly unlabeled or dated except for a handwritten note that says "#2012" in the upper left corner of the document. (*See* doc. 416-4.) None of the amounts are identified as being year-to-date gross pay, or even as being money amounts. It also shows figures of "10365.26," "2661.69," "918.98," and "407.24," all of which are unlabelled and unexplained. (*See* doc. 416-04.) This alleged W-2 form is not sufficient evidence to create a fact issue as to the date of

Lozano's final payday as a tipped employee.[9]

Defendants' summary judgment motion should be **GRANTED** as to Juan Lozano.

## F.   <u>Rhianna Martinez</u>

Defendants fulfill their burden for summary judgment as to Rhianna Martinez by identifying evidence showing that her final payday as a tipped employee was June 29, 2012, (doc. 391 at 36), and her consent form was filed on November 4, 2015, (doc. 332-12).

Plaintiffs respond by providing Martinez's personnel file, which includes her Application for Employment at Defendants' restaurant group that was signed and dated on October 11, 2012. (Doc. 416-5.) Plaintiffs argue that this is evidence that she may have been re-hired by Defendants on a later date.  Notwithstanding that this application is unsworn and unauthenticated by Martinez, her consent form was still filed more than three years after the date on the application.  It is therefore insufficient as to create a fact issue of her final payday as a tipped employee, and Defendants' summary judgment motion should be **GRANTED** as to her claims.

## G.   <u>Antonio Ulloa Olivas</u>

Defendants fulfill their burden for summary judgment as to Antonio Ulloa Olivas by providing evidence showing that his final payday as a tipped employee was April 6, 2012, (doc. 391 at 40), and his consent form was filed on October 16, 2015, (doc. 318-29).

Plaintiffs respond by providing an additional pay stub that lists his last payday in a non-tipped

---

[9] Plaintiffs allege that this W-2 was provided by Defendants during discovery. That a document was produced in discovery by the opposing party by itself is not conclusive as to its authenticity. *Elwakin v. Target Media Partners Operating Co., LLC*, 901 F. Supp. 2d 730, 742 (E.D. La. 2012), *citing  Railroad Management Co., LLC v. CFS Louisiana Midstream Co.*, 428 F.3d 214, 221 (5th Cir. 2005). Additional factors may support authentication, *e.g.,* the producing party has signed the document, the producing party does not claim that the document is not authentic or assert the signature is a forgery, or the producing party concedes that contents of the document are correct. *Railroad Management*, 428 F.3d at 220. Plaintiffs provide no additional support for its authenticity.

position as September 21, 2012. (*See* doc. 373-6.) This pay stub is insufficient to satisfy Plaintiffs'
burden to identify a genuine issue of material fact because it does not identify Olivas working in a
tipped capacity and, even if it did, his consent form was still filed more than three years after the later
date. (Doc. 318-29.)  Defendants' summary judgment motion should be **GRANTED**.

### H.   Hugo Romero

To meet their summary judgment burden as to Hugo Romero, Defendants provide a payroll
record dated October 19, 2012, that lists his work in the non-tipped position of dishwasher. (Doc. 391
at 4, 49.) They have not provided evidence supporting their allegation that his final payday as a tipped
employee was September 21, 2012, or that his consent form was filed more than three years after his
final payday as a tipped employee.  Because Defendants failed to meet their summary judgment
burden as to Hugo Romero, their summary judgment motion as to his claims should be **DENIED**.

### I.   Maria Stevens

Defendants fulfill their burden for summary judgment as to Maria Stevens by providing
evidence showing that her final payday as a tipped employee was August 10, 2012, (doc. 391 at 55),
and her consent form was filed on October 16, 2015, (doc. 320-11).

Plaintiffs respond by pointing to the inconsistency between a document listing her last day as
July 27, 2012, and an additional attendance record that lists her last day as August 1, 2012.  (Doc. 416-
6.) This attendance record shows that she worked on August 1, 2012, from 12:00 p.m. to 12:01 p.m.
as a hostess. (*Id.*) This is insufficient to create a genuine issue of fact as to whether Stevens worked
in a tipped capacity beyond August 10, 2012, and that her consent form was filed within three years
of her final payday as a tipped employee.  Summary judgment should be **GRANTED**.

**J.      Ignacio Gomez**

To meet their summary judgment burden as to Ignacio Gomez, Defendants provide a payroll record showing him as being paid for the non-tipped position of cleaner and the position of "runner" on July 27, 2012. (Doc. 391 at 4, 21.) It also shows that the runner position was compensated at $12.00 an hour, and it does not appear to include tips. (*Id.*)[10] This evidence does not suffice to show that his consent form was filed more than three years after the date of his final payday as a tipped employee. Defendants' summary judgment motion should be **DENIED** as to Ignacio Gomez.

**K.      Remaining Thirty-Eight Plaintiffs**

To meet their summary judgment burden as to the remaining opt-in Plaintiffs listed in the table below, Defendants have identified payroll records in Stroud's Declaration (doc. 391 at 5-59) showing that none of them have paydays that would place their claims as timely filed within the three year statute of limitations:

| Opt-In Plaintiff | Final Payday as Tipped Employee | Day Consent Form Filed with Court |
|---|---|---|
| Kathy Alexander | January 13, 2012 | October 2, 2015 |
| Carlos Anzorena | May 4, 2012 | October 16, 2015 |
| Victor Barrios | October 21, 2011 | October 2, 2015 |
| Suzie Bouffard | August 24, 2012 | October 2, 2015 |
| Charles Caldwell | January 27, 2012 | September 10, 2015 |
| Dennis Campos | October 5, 2012 | November 4, 2015 |
| Jayson Carter | May 4, 2012 | October 2, 2015 |
| Juan Contreras | March 9, 2012 | October 2, 2015 |

---

[10]The runner position was not discussed in the Court's prior orders that conditionally certified the class.  (*See* doc. 123 at 9 (certifying the class to be "waiters and waitresses (including cocktail servers), hostesses, bus staff, and bartenders who were employed at Defendants' restaurants between August 15, 2011, and the present").)

| Caleb Crossman | August 26, 2011 | October 2, 2015 |
|---|---|---|
| Raymundo Gaytan | June 29, 2012 | October 16, 2015 |
| Eric Gonzalez | April 6, 2012 | November 4, 2015 |
| Giancarlo Gonzalez | April 20, 2012 | October 16, 2015 |
| Whitney Graves | July 27, 2012 | October 16, 2015 |
| Nicole Lynn Guadagno | September 7, 2012 | October 2, 2015 |
| Alejandro Gutierrez-Franco | March 9, 2012 | October 16, 2015 |
| Humberto Hernandez | January 13, 2012 | October 16, 2015 |
| Blaine Jones | November 4, 2011 | September 10, 2015 |
| Taylor Jones | November 4, 2011 | October 16, 2015 |
| Margon Keshtnar | July 27, 2012 | October 2, 2015 |
| Irma Martinez | September 21, 2012 | November 4, 2015 |
| Julio Martinez | December 30, 2011 | October 13, 2015 |
| Jeremy Moody | April 20, 2012 | October 2, 2015 |
| Tommie Morrow, Jr. | September 21, 2012 | October 16, 2015 |
| Ivan Noriega | June 29, 2012 | October 16, 2015 |
| Lauren Alexis Oliveira | April 20, 2012 | October 16, 2015 |
| Javier Olvera | October 7, 2011 | October 16, 2015 |
| Gerardo Ortiz | March 9, 2012 | October 2, 2015 |
| Michael Patel | April 20, 2012 | October 2, 2015 |
| Tiffany Pemberton | October 21, 2011 | October 2, 2015 |
| Tawnie Reed | January 13, 2012 | October 2, 2015 |
| Latisha Rettig | December 2, 2011 | October 16, 2015 |
| Richard Russo | September 7, 2012 | October 2, 2015 |
| Randy Alberto Smith | January 27, 2012 | October 16, 2015 |
| Gracie Stevens | April 20, 2012 | October 16, 2015 |

| Heather Toombs | July 13, 2012 | October 16, 2015 |
| David Toribio | May 18, 2012 | October 2, 2015 |
| Chase (Ryan) Travis | December 16, 2011 | October 16, 2015 |
| Jamie Turner | August 24, 2012 | October 2, 2015 |

Plaintiffs fail to mention or provide any controverting evidence for any of these individuals. They have failed to meet their burden to show a material fact issue as to timeliness of their claims. Because Defendants have met their burden as to the untimeliness of these claims, summary judgment should be **GRANTED** as to these thirty-eight opt-in Plaintiffs.

## V. PLAINTIFFS' CROSS MOTION FOR EQUITABLE TOLLING

Plaintiffs seek equitable tolling of the statute of limitations for the opt-in Plaintiffs until the time that they filed their motion for conditional certification on September 11, 2014. (Doc. 373 at 12.)

The Fifth Circuit has adopted a strict view of the FLSA's provision stating that the statute of limitations runs from the opt-in date, and courts cannot "alter the express terms of the statute." *See McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 808 (S.D. Tex. 2010) (citing *Atkins v. Gen. Motors Corp.*, 701 F.2d 1124, 1130 n. 5 (5th Cir. 1983)); *see also Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002)). Equitable tolling may be applied only if it is shown that a potential opt-in plaintiff "acted diligently and the delay concerns extraordinary circumstances." *Shidler v. Alarm Sec. Grp., LLC*, 919 F. Supp. 2d 827, 829-30 (S.D. Tex. 2012) (citing *Caldwell v. Dretke*, 429 F.3d 521, 530 n. 23 (5th Cir. 2005); *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002)).

Here, Plaintiffs assert that equitable tolling is appropriate because "extraordinary circumstances created by Defendants caused unnecessary delay in this case." (Doc. 373 at 14.) They

allege that Defendants filed unnecessary objections to the notice language, delayed the mailing of the notice forms by refusing to provide all contact information for potential plaintiffs, and filed other unnecessary motions that delayed the Court's approval of the notice language. (*Id*. at 15.) This does not meet their burden to establish the "rare and exceptional circumstances" that justify equitable tolling. *See Castillo v. Hernandez*, No. EP-10-CV-247-KC, 2010 WL 4595811, at *7-8 (W.D. Tex. Nov. 4, 2010) (citing *Teemac*, 298 F.3d at 457) (stating that allegations of "willful conduct" by defendants "hardly qualify as a rare and exceptional circumstances"); *see also McKnight*, 756 F. Supp. 2d at 808 (citations omitted) (explaining that "[c]ongress did not provide for tolling while a court considers whether to certify a case as a collective action"). Plaintiffs provide only general allegations about Defendant's conduct and do not provide evidence as to their intent to willfully interfere with the ability of potential plaintiffs to assert their rights.  *See Lee v. Metrocare Servs*., 980 F. Supp. 2d 754, 769-70 (N.D. Tex. 2013).

Plaintiffs also allege that potential plaintiffs "were unable to file consent forms with the Court to preserve their FLSA claims [because they] don't understand the FLSA and its procedural requirements [but instead] merely filed their consent forms, e-mailed, mailed or had their consent forms postmarked by October 17, 2015." (Doc. 373 at 14.) This is not sufficient for Plaintiffs to meet their burden to provide evidence that the potential plaintiffs have diligently pursued their rights or that they were unaware of their rights to overtime pay or other damages. *See Escobedo v. Dynasty Insulation, Inc.*, 694 F. Supp. 2d 638, 654 (W.D. Tex. 2010) (finding that plaintiffs who knew they were entitled to overtime compensation but did not "diligently pursue those rights"  failed to meet their burden in establishing that equitable tolling was justified); *see also Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) (finding that "ignorance of the law, even for an incarcerated *pro se* petitioner,

generally does not excuse prompt filing").

Plaintiffs' cross motion to toll the limitations period should be **DENIED**.

## VI. RECOMMENDATION

Defendants' motion for partial summary judgment should be **GRANTED** as to the claims of Kathy Alexander, Sean Altman, Jose Alvarez, Carlos Anzorena, Eric Barrientos, Victor Barrios, Suzie Bouffard, Charles Caldwell, Dennis Campos, Jayson Carter, Juan Contreras, Caleb Crossman, Raymundo Gaytan, Eric Gonzalez, Giancarlo Gonzalez, Whitney Graves, Sean Greppi, Nicole Lynn Guadagno, Alejandro Gutierrez-Franco, Humberto Hernandez, Blaine Jones, Taylor Jones, Margon Keshtnar, Juan Lozano, Luis Lugo, Irma Martinez, Julio Martinez, Jeremy Moody, Tommie Morrow, Jr., Ivan Noriega, Rhianna Martinez, Antonio Ulloa Olivas, Lauren Alexis Oliveira, Javier Olvera, Gerardo Ortiz, Michael Patel, Tiffany Pemberton, Tawnie Reed, Latisha Rettig, Richard Russo, Ramon Sabillon, Randy Alberto Smith, Gracie Stevens, Maria Stevens, Heather Toombs, David Toribio, Chase (Ryan) Travis, and Jamie Turner. Defendants' motion for partial summary judgment should be **DENIED** as to the claims of Lowlan Breaux, Dillan Dimas, Iliana Flores, Ignacio Gomez, Jamielynn Puniwai-Kujawa, Hugo Romero, and Marissa Sanchez. Plaintiffs' cross motion for equitable tolling should be **DENIED**.

**SO RECOMMENDED** on this 22nd day of August, 2016.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

27