**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JAVIER GOMEZ, et al.,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. **3:14-CV-2934-L** |
| | § | |
| **MI COCINA LTD., et al.,** | § | |
| | § | |
| Defendants. | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

This is a collective action alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). On May 18, 2016, United States Magistrate Judge Irma C. Ramirez held a hearing on Plaintiffs' Emergency Motion to Withdraw or Amend Deemed Admissions to Defendants' Request for Admissions and Extension of Time to Respond to Discovery ("Plaintiffs' Motion"), which the court had referred to her pursuant to 28 U.S.C. § 636(b)(1)(A). By their motion, Plaintiffs sought to withdraw deemed admissions of forty-three (43) individuals who had opted-in as Plaintiffs to the conditional class but had failed to answer timely five separate sets of requests for admissions. At the conclusion of the hearing, the magistrate judge denied Plaintiffs' Motion. *See* May 18, 2016 Hearing Transcript (Doc. 467-2); Order (Doc. 455). Plaintiffs now appeal the magistrate judge's ruling to this court. *See* Plaintiffs' Objections to Magistrate Judge's Order ("Plaintiffs' Objections") (Doc. 463). Having considered Plaintiffs' Objections, Defendants' Response to Plaintiffs' Objections (Doc. 476), the magistrate judge's Order (Doc. 455), the May 18,

2016 Hearing Transcript (Doc. 467-2), the record, and applicable law, and for the reasons stated below, Plaintiffs' Objections are **overruled**, and the magistrate judge's ruling is **affirmed**.

## I.      Factual Background and Procedural History

Plaintiffs are Javier Gomez, Alfredo Huerta, Daniel Bobadilla, Ubriel Rodriguez, and Daniel Merino ("Plaintiffs"), each of whom resides in Dallas, Texas, and is a tipped waiter earning $2.13 per hour plus tips at a Mi Cocina restaurant in Dallas.   On behalf of themselves and all similarly situated employees, Plaintiffs filed this action on August 15, 2014, alleging violations of the FLSA's minimum wage and overtime provisions by Defendants Mi Cocina Ltd., M Crowd GP, LLC, M Crowd Restaurant Group, Inc., Mi Cocina, LLC, and Mercury Grill, Ltd. ("Defendants" or "Mi Cocina").   The live pleading is Plaintiffs' Third Amended Complaint, filed July 30, 2015 (Doc. 169).

This case was originally assigned to Chief Judge Jorge A. Solis, who, on March 4, 2015, conditionally certified the class in this case as consisting of waiters and waitresses (including cocktail servers), hostesses, bus staff, and bartenders who were employed at Defendants' restaurants between August 15, 2011, and March 4, 2015.   *See* Order (Doc 123).   A total of 354 individuals have opted in to this collective action ("Opt-In Plaintiffs").[1]

On November 5, 2015, the magistrate judge granted a request by Defendants to modify discovery limitations originally set by Chief Judge Solis and allowed Defendants the opportunity to propound written discovery on twenty percent (20%) of the Opt-In Plaintiffs and take depositions of seven percent (7%) of the Opt-In Plaintiffs.   *See* Order (Doc. 336).   Defendants served uniform

---

[1] On September 26, 2016, the court dismissed fifty (50) Opt-In Plaintiffs, finding that their claims were time-barred.  *See* Order (Doc. 572).  Further, Stipulations of Dismissal have been entered as to four Opt-In Plaintiffs.  *See* Jt. Stip. of Dis. (Doc. 541).  Accordingly, the total number of Opt-In Plaintiffs is 301.

**Memorandum Opinion and Order - Page 2**

discovery requests, including requests for admission, on sixty-two (62) Opt-In Plaintiffs.  Nineteen

(19) of the Opt-In Plaintiffs served with written discovery provided timely answers, ten (10) never

responded to any written discovery, and thirty-three (33) have served late answers.  By operation of

law, forty-three (43) of the sixty-two (62) Opt-In Plaintiffs have been deemed to have admitted all

items in Defendants' requests for admission.  *See* Fed. R. Civ. P. 36.  Of those Opt-In Plaintiffs who

filed late answers, the answers ranged from one to ninety days late.

On January 25, 2016, counsel for Defendants sent a letter to Plaintiffs' counsel advising them

of the deemed admissions, stating:

> By operation of Rule 36 [of the Federal Rules of Civil Procedure], the
> Requests for Admission served to the above-mentioned Opt-In Plaintiffs are now
> deemed admitted, and Defendants intend to rely on those deemed admissions for the
> remainder of this action—as well as any deemed admissions pertaining to future non-
> answering Opt-Ins.  The Interrogatories that accompanied each of Defendants'
> Requests for Admission were only effective in the instance of a corresponding
> Request for Admission being denied.  Because Requests for Admission have been
> admitted and not denied in many instances, we have no need to compel answers to
> Interrogatories.
>
> *To the extent you intend to seek the withdrawal of the deemed admissions
> ascribed to any defaulting Opt-in Plaintiff, we ask that you promptly advise us of
> your intention to do so and specify each Opt-In for whom you will seek such
> withdrawal.*  Given the limited amount of discovery available to Defendants from the
> Opt-In Plaintiffs who have joined this case and the short period of time remaining for
> obtaining that discovery, it is essential that Defendants have a fair opportunity to take
> appropriate action to protect themselves from the prejudice resulting from the lengthy
> delays in responding and untimely answers . . . *[I]f the Opt-In Plaintiffs, or any
> others, intend to come forward with additional untimely responses or otherwise seek
> to withdraw these deemed admissions, Defendants ask that Plaintiffs advise
> Defendants of this now and with sufficient specificity so that Defendants may in
> fairness protect their interests.*

App'x to Jt. Submission, Defs.' App. at 12-13  (Doc. 449-11) (emphasis added).

On February 16, 2016, Defendants filed an opposed Motion for Continuance again raising the issue of the deemed admissions, stating: "Defendants contend that some of the answers received were untimely served and/or unverified and that facts set forth in requests for admission have, in the instance of untimely responses, been deemed admitted under Rule 36." Defs.' Mot. to Continue 3 n.8 (Doc. 386). In opposing a continuance, Plaintiffs asserted that Defendants already had deemed admissions, rendering a continuance unnecessary. Specifically, Plaintiffs argued: "Defendants contend that any admission question not timely answered [is] deemed admitted, so it begs the question why they would need 4 months of discovery when they can make their case with what they currently have." Pls.' Resp. to Mot. to Continue 14 (Doc. 394).

On April 19, 2016, almost three months after Defendants first notified Plaintiffs of the deemed admissions and requested that Plaintiffs respond as soon as possible if they were planning to seek withdrawal of the deemed admissions, Plaintiffs filed their Emergency Motion to Withdraw or Amend Deemed Admissions to Defendants' Request for Admissions and Extension of Time to Respond to Discovery (Doc. 440).

On April 27, 2016, the case was reassigned to this court. Pursuant to the 28 U.S.C. § 636(b)(1)(A), the court referred Plaintiffs' Motion and related pleadings to the magistrate judge for hearing and determination. On May 18, 2016, the magistrate judge held a hearing on Plaintiffs' Motion, which she denied. *See* Hearing Transcript (Doc. 467-2); Order (Doc. 455). On June 2, 2016, Plaintiffs appealed the magistrate judge's ruling to this court. The appeal has been fully briefed and is ripe for disposition.

## II.     Standard of Review of Magistrate Judge Rulings

A magistrate judge may rule directly on a nondispositive pretrial motion.  28 U.S.C. § 636(b)(1)(A).  A district court may modify or set aside these rulings only if they are "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995).  The "clearly erroneous" standard applies to the magistrate judge's factual determinations. *Smith v. Smith*, 154 F.R.D. 661, 665 (N.D. Tex. 1994).  A magistrate judge's determination is "clearly erroneous" when, "although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Barrow v. Greenville Indep. Sch. Dist.*, 202 F.R.D. 480, 481 (N.D. Tex. 2001) (internal citation omitted).  The "contrary to law" standard applies to the magistrate judge's legal conclusions. *Smith*, 154 F.R.D. at 665.  The district court reviews a magistrate judge's legal conclusions *de novo*. *Id.*

## III.     Analysis

### A.     Federal Rule of Civil Procedure 36

Rule 36 provides that a party may serve another party written requests for admission of the truth of any matters within the scope of Federal Rule of Civil Procedure 26(b).  Fed. R. Civ. P. 36(a).  If a request for admission is not answered within thirty days after service, the matter is admitted.  Fed. R. Civ. P. 36(a)(3).  Once admitted, the matter is "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b).  In deciding whether to allow a party to withdraw or amend deemed admissions, a court looks to Rule 36(b), which provides in relevant part: "the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice

the requesting party in maintaining or defending the action on the merits." This rule is permissive, and "[e]ven when these two factors are established, a district court still has discretion to deny a request for leave to withdraw or amend an admission." *In Re Carney*, 258 F.3d 415, 419 (5th Cir. 2001) (citation omitted). Further, "this circuit has also determined that a court acts within its discretion in considering the fault of the party seeking withdrawal . . . or its diligence in seeking withdrawal." *Le v. Cheesecake Factory Rests. Inc.*, 2007 WL 715260, at *2 (5th Cir. March 6, 2007) (citing *Pickens v. Equitable Life Assurance Soc'y*, 413 F.2d 1390, 1394 (5th Cir. 1960); *Covarrubias v. Five Unknown INS/Border Patrol Agents*, 192 F. App'x 247, 248 (5th Cir. 2006) (per curiam)).

### B.     The Magistrate Judge's Ruling

After hearing argument from the parties and reviewing their Joint Submission and evidence submitted in support, the magistrate judge denied Plaintiffs' Motion. With respect to the first prong of the Rule 36 test, whether the presentation of the merits of the action would be subserved by the withdrawal, the magistrate judge found that Plaintiffs failed to satisfy this prong:

> The Court:  I cannot find that based on the record before me that the Plaintiffs have met the first prong. There is a lot of argument about what you believe and why you believe it's case-dispositive, but it's based on generalities. And if I'm - - I'm not done yet. I'm trying to explain my ruling for the record. The argument is based on belief. It's based on generalities. There's no specific showing as to any specific admissions. There are some that aren't even inconsistent. There's no showing that the actual answers are different from the admission. You're just lumping them all together. I mean, there are Plaintiffs here who haven't even answered because you can't find them, and there's absolutely no basis to set aside deemed admissions for people who won't even appear in this case.
>
> Ms. Ibironke:  Right.
>
> The Court: You made the statement that they've chosen to opt in. It's their choice to participate in the lawsuit or not. And the rules are clear as to what happens when someone chooses not to prosecute his or her lawsuit.

Ms. Ibironke:   Uh-huh.

The Court:   So there's no basis on the second issue to set aside or extend discovery as to those people.   But with the ones who have answered untimely, I think you're required to make a more specific showing than what you've made, and just to generally argue that it goes to the merits of the case is not enough.   I don't find that it's case-dispositive.   While it may hurt each individual Plaintiff's case somehow, I'm left to guess that it will hurt them, because they're grouped together.

Hrg. Tr. 47:25-49:2 (Doc. 454).

As to the second prong, whether allowing withdrawal would prejudice the opposing party, the magistrate judge concluded that Defendants would be prejudiced if the court were to grant the motion to withdraw the deemed admission, stating as follows:

The Court:   Regardless of who has the burden on the prejudice prong, [. . .] I think there is prejudice because decisions are made as to how to proceed with discovery. It looks like the parties have decided to do their written discovery before depositions. That's not unusual and that is something that happens frequently.   And if we go back and start over with the written discovery, that pushes back the depositions.   So the timing of the motion I think is something that says a lot here.

*Id.* at 49:3-13.

The magistrate judge then turned to the issue of Plaintiffs' fault and lack of diligence, noting that Plaintiffs inexplicably waited almost three months to file their emergency motion to withdraw after being notified of Defendants' intention to rely on the deemed admissions in a January 26, 2016 letter.   Specifically, the magistrate judge found:

And I started with the last prong[,] with the presumption that the prongs have been met because fault is I think something very hard to overcome. . . .   *When the other side has specifically placed you on notice as to the untimeliness of three sets of discovery already and what the position is and have asked for notice so that they can plan accordingly, and you don't respond, and you argue otherwise in a response*

*to a motion for continuance, I think you almost created the prejudice here.*  And waiting until just before depositions doesn't cure that.

This isn't just one set.  It's not about just one day.  It's six sets with people late on every single set.  I mean, it's consistently late.

*Id.* at 49:11-25 (emphasis added).[2]

C.     **Plaintiffs' Objections**

1.     *Assignment of the Burden of Proof*

Plaintiffs object and contend that the magistrate judge erroneously assigned Plaintiffs the burden of proving that Defendants would not be prejudiced were the court to allow the deemed admissions to be withdrawn.  *See* Pls.' Obj. 11-13.  Contrary to Plaintiffs' argument, in her findings, the magistrate judge was clear that the "prejudice" element was established without regard to which party had the burden of proof, stating:

*Regardless of who has the burden on the prejudice prong, and I think there is prejudice* because decisions are made as to how to proceed with discovery.  It looks like the parties have decided to do their written discovery before depositions.  That's not unusual and that is something that happens frequently.  And if we go back and start over with the written discovery, that pushes back the depositions.  So the timing of the motion I think is something that says a lot here.

---

[2] The magistrate judge incorrectly stated that Plaintiffs had been late in answering six sets of requests for admission, whereas the record shows they were late on five sets of requests for admission.  The court concludes, however, that this numerical error was harmless.

Hrg. Tr. 49:3-10.[3]  Further, the magistrate judge correctly stated the law in declaring that, even if she assumed both prongs of the Rule 36 test were satisfied, she was entitled to consider the fault or lack of diligence of the party seeking withdrawal, in this case Plaintiffs.  Specifically, the magistrate judge stated:

> COURT: I appreciate that you want to go back to the two-part test, and you've spent a lot of time arguing the two-part test.  And we'll get there.  But ultimately, even if I assume that you've met it, don't I still have to look at or aren't I still entitled to look at the fault of the party, not just when they're moving?  I have real concerns here about the Plaintiffs being placed on notice back in January and not doing anything about it, and then arguing affirmatively in a filing to the Court that [Defendants] have everything they need because they've got deemed admissions, and then subsequently coming back to say, no, wait a minute, we didn't mean it.

Hrg. Tr. 23:14-24.  As Defendants correctly note in their response to Plaintiffs' Objections, the Fifth Circuit has held that a court acts within its discretion in considering the fault or lack of diligence of the party seeking withdrawal.  *See Le*, 2007 WL 75260, at *2; *see also Republic Title of Texas, Inc. v. First Republic Title, LLC*, 2015 WL 3755060, at *2 (N.D. Tex. June 16, 2015) (and cases cited therein).  Thus, even were the magistrate judge to have placed the burden of proving prejudice on Plaintiffs, which the court has concluded she did not, such error would have been harmless, as the magistrate judge was within her discretion in considering Plaintiffs' fault and failure to exercise diligence in waiting to file their emergency motion to withdraw deemed admissions until approximately three months after Defendants alerted them to the issue.

---

[3] In addition, the record shows that when the magistrate judge asked Plaintiffs' counsel who had the burden of proof as to the elements of Rule 36, Plaintiffs' counsel  stated "We do, Your Honor." Hrg. Tr. 3:5-14.  While ultimately the magistrate judge found prejudice regardless of who had the burden of proof, and did not commit error in applying the law, Defendants' argument that Plaintiffs invited error is well-taken.

For these reasons, the court concludes that Plaintiffs have failed to show that the magistrate judge committed an error of law with regard to assigning the burden of proof.  As the record cited above makes clear, she found that prejudice was established, regardless of which party had the burden of proof.  *See* Hrg. Tr. 49:3-10.  Moreover, the magistrate judge did not abuse her discretion in considering the fault or lack of diligence of the party seeking withdrawal, here Plaintiffs, even if the two-pronged test were satisfied.  *See Le*, 2007 WL 75260, at *2.  For these reasons, Plaintiffs' objection on this ground is **overruled**.

2.     *The Deemed Admissions of the Ten "Unreached Plaintiffs"*

Plaintiffs argue that the magistrate judge abused her discretion in failing to consider their argument that the deemed admission of ten Opt-In Plaintiffs who could not be reached (the "Unreached Plaintiffs") should be withdrawn.  *See* Pls.' Obj. 19.  In her findings, the magistrate judge addressed, and rejected, Plaintiffs' argument that the deemed admission of the Unreached Plaintiffs should be withdrawn, stating:

> The Court:  I mean, there are Plaintiffs here who haven't even answered because you can't find them, and there's absolutely no basis to set aside deemed admissions for people who won't even appear in this case.
>
> Ms. Ibronke:  Right
>
> The Court: You made the statement that they've chosen to opt in.  It's their choice to participate in the lawsuit or not.  And the rules are clear as to what happens when someone chooses not to prosecute his or her lawsuit.
>
> Ms. Ibronke: Uh-huh.
>
> The Court: So there's no basis on the second issue to set aside or extend discovery as to those people.

Hrg. Tr. 48:10-21.

In sum, the record shows that the magistrate judge addressed Plaintiffs' argument that the court should allow withdraw of the deemed admission of the Unreached Plaintiffs, and found the argument to lack any legal support. Accordingly, Plaintiffs' objection on this ground is **overruled**.[4]

### 3. The Two-Pronged Test under Rule 36(b)

As already stated, in deciding whether to allow a party to withdraw or amend deemed admissions, a court looks to Rule 36(b), which provides in relevant part: "the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Plaintiffs argue in their Objections that the magistrate judge abused her discretion in finding that neither prong had been satisfied. Having considered the magistrate judge's findings regarding Rule 36(b)'s two-pronged test, the court concludes they are not clearly erroneous or contrary to law and she did not abuse her discretion.

Admittedly, permitting withdrawal of Plaintiffs' deemed admissions would promote the presentation of the merits of case, as the admissions constitute competent summary judgment evidence potentially capable of satisfying various elements of certain Opt-In Plaintiffs' individual claims under the FLSA. Nevertheless, as the magistrate judge noted, Plaintiffs' argument that the

---

[4] To the extent ten Unreached Plaintiffs have failed to participate in this case, the parties may either stipulate to their dismissal. Further, while the court finds merit in Plaintiffs' argument that because the size of the Opt-In Class has changed from 354 to 301, Defendants are entitled to written discovery from fewer of the Opt-In Plaintiffs than previously, Plaintiffs have provided the court with no legal basis to retroactively nullify the requests for admission served on the Unreached Plaintiffs.

deemed admissions go to the merits of the case was overly generalized and insufficient to demonstrate that the deemed admissions were case dispositive.  Further, the magistrate judge correctly recognized that other factors in the case weigh against withdrawing the deemed admissions. *See Le*, 2007 WL 715260, at *2 ("Although we agree with plaintiffs that it is proper to consider whether denying withdrawal would have the practical effect of eliminating any presentation of the merits of the case in determining whether Rule 36(b)'s first requirement is met . . . this and other courts have not relied solely on this factor in determining whether to permit withdrawal."). The Fifth Circuit instructs, "[O]ther factors considered are whether the plaintiff has demonstrated that the merits would be served by advancing evidence showing 'the admission is contrary to the record of the case,' or that the admission 'is no longer true because of changed circumstances or [that] through an honest error a party has made an improvident admission.'" *Id*.  While Plaintiffs showed in certain limited instances that the factual record was contrary to admission, a de novo review of the record shows that the magistrate judge did not err in finding: "It's based on generalities.  There's no specific showing as to any specific admissions.  There are some that aren't even inconsistent.  There's no showing that the actual answers [to interrogatories] are different from the admission.  You're just lumping them all together."  Hrg. Tr. 48:6-10.

Further, the magistrate judge's finding that allowing Plaintiffs to withdraw its deemed admissions would unfairly prejudice Defendants is not contrary to law or clearly erroneous.  The record establishes that Plaintiffs waited almost three months after Defendants directly raised the issue of deemed admissions to file their emergency motion to withdraw the deemed admissions.  The record before the magistrate judge amply reflects that the deemed admissions were an important part

**Memorandum Opinion and Order - Page 12**

of Defendants' calculus in determining which Opt-In Plaintiffs should be selected for the limited number of depositions allowed by Chief Judge Solis, and that Defendants directed their resources accordingly.  Had Plaintiffs alerted Defendants that they would seek to have the deemed admissions withdrawn, Defendants would have made different decisions as to whom to depose.

As stated by one court: "With the passage of time and as each moment for response to a pleading slipped by, the . . . burden for withdrawal of the deemed admission is raised and the prejudice to the opposing party is increased."  *Curtis v. State Farm Lloyds*, 2004 WL 1621700, at *6 (S.D. Tex. Apr. 29, 2004) (denying withdrawal of case-dispositive admissions because "plaintiffs have not come forth with sufficient reason for their failure to timely respond" to the requests for admission); *see also Finlay v. Wolpoff & Abramson*, 2009 WL 936882, at *2 (S.D. Tex. April 3, 2009) ("[I]n light of Defendant's lack of diligence and the expiration of scheduling deadlines, Plaintiff would be greatly prejudiced if the court allowed withdrawal of the admissions.").  Although the necessity of a "party to prove a fact that it would not otherwise be obligated to prove if the matter were deemed admitted does not constitute the kind of prejudice contemplated by Rule 36(b)," Plaintiffs' lack of diligence coupled with the limited window for discovery and Defendants' reliance on the deemed admissions in calculating who to depose and whether or not to file motions to compel responses to evasive or incomplete answers to interrogatories makes withdrawal of the deemed admissions inappropriate under these circumstances. *See S.E.C. v. AmeriFirst Funding, Inc.*, 2008 WL 2073498, at *2 (N.D. Tex. 2008).  "Prejudice may occur where a party faces 'special difficulties . . . caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission.'" *Thanedar v. Time Warner*, 352 F. App'x 891, 896 (5th Cir. 2009); *see also Le*, 2007 WL 715260,

at *3 ("Courts have also considered, however, within the prejudice analysis, the timing of the motion for withdrawal as it relates to the diligence of the party seeking withdrawal and the adequacy of time remaining for additional discovery before trial.") (citation omitted).

In this case, the record before the magistrate judge shows no reason why Plaintiffs, with due diligence, could not have sought relief from the court upon receipt of Defendants' January 26, 2016 letter asking Plaintiffs to respond immediately as to whether they were going to seek withdrawal of the deemed admission. Instead, Plaintiffs chose to wait until April 19, 2016, to file their emergency motion to withdraw and, in the interim, used the deemed admissions as a reason the court should deny a motion for continuance filed by Defendants. Defendants have shown that they will incur prejudice if the deemed admission are withdrawn, and Defendants should not now be penalized for Plaintiffs' lack of diligence.

## IV.    Conclusion

For the reasons herein stated, and following a *de novo* review, the court concludes that the magistrate judge's factual determinations are not clearly erroneous and her legal conclusions are not contrary to law. Accordingly, the court **overrules** Plaintiffs' Objections to Magistrate Judge's Order Denying Plaintiffs' Emergency Motion to Withdraw or Amend Deemed Admissions to Defendants' Request for Admissions and Extension of Time to Respond to Discovery, and **affirms** the Magistrate Judge's Order (Doc. 455).

**It is so ordered** this 24th day of February, 2017.

Sam A. Lindsay
United States District Judge